**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Francis ROURKE, Defendant–Appellant.**

**No. 92–5085.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1992.

Tony M. Graham, U.S. Atty., John S. Morgan, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

John Francis Rourke, pro se.

Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.

SEYMOUR, Circuit Judge.

In 1985, defendant-appellant John Francis Rourke was sentenced under 21 U.S.C. § 960(b)(1) to a prison term of thirteen years after pleading guilty to various drug-related offenses and to filing a false tax return. At the guilty plea proceeding, the district court explained to Rourke that he would be subject to a mandatory special parole term of at least three years under section 960(b)(1) as a result of his guilty plea to violating 21 U.S.C. § 952(a). Rourke subsequently challenged his convictions, his sentence, and the denial of parole. We addressed those claims in a single order and judgment, *see United States v. Rourke*, Nos. 90–5092, 90–5129, 90–5130, Order and Judgment (10th Cir. Dec. 3, 1990), in which we remanded in part for an evidentiary hearing on Rourke's competency at his plea and sentencing. After this hearing, which was held on November 13, 1991, Rourke realized that no term of special parole had been included in his original sentence.

Rourke then filed a motion with the district court for correction of his sentence pursuant to Fed.R.Crim.P. 35(a). Rourke requested the district court to reduce the thirteen year term of imprisonment by at least three years and to add the special parole term to the end of that sentence so that the total term of supervision on the section 952 count, including both prison and parole, would add up to thirteen years. The district court found that the additional three-year special parole term required by section 960(b)(1) had by inadvertence not been pronounced in open court at the sentencing hearing or included in the formal written sentence. The court then added the special parole term without reducing the thirteen year sentence of imprisonment and without requiring Rourke's presence in the courtroom.

Rourke challenges the district court's decision to impose the special parole term in his absence. He further argues that the district court's resentencing was based on alleged defects in his presentence report, represented vindictiveness on the part of the sentencing judge, and violated his Fifth Amendment right to avoid being twice placed in jeopardy for the same offense. Rourke also raises alleged defects surrounding his guilty plea on the tax charge.[1] We reverse in part, affirm in part, and remand for resentencing.

In deciding to add the special parole term to Rourke's sentence without requiring his presence in open court, the district court relied on the opinion of the Seventh Circuit in *Bontkowski v. United States*, 850 F.2d 306, 312 (7th Cir.1988). *See R.*, vol. I, doc. 302, Order and Amended Judgment at 2 (Order). In doing so, the court overlooked the law of this circuit which requires that a defendant be present when a special parole term is added to an already existing sentence. *Mayfield v. United States*, 504 F.2d 888, 889 (10th Cir.1974). As we there pointed out, Fed.R.Crim.P. 43 states in pertinent part that "[t]he defendant shall be present … at the imposition of sentence," but makes an exception for "a reduction of sentence under Rule 35." *See United States v. Villano*, 816 F.2d 1448, 1456 (10th Cir.1987) (en banc) (Logan, J., concurring);[2] *see also Hays v. Arave*, 977 F.2d 475 (9th Cir.1992).

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. We note that our earlier opinion in *United States v. Villano*, 797 F.2d 1547 (10th Cir.1986), cited by the government in its brief, indicates that a defendant's presence is not required under the circumstances here. That opinion was withdrawn by this court, *see United States v. Villano*, 803 F.2d 580 (10th Cir.1986), and replaced with the en banc opinion. *See United*

Far from reducing Rourke's sentence, the addition of the special parole term here clearly made the original sentence harsher. The district court was of the opinion that requiring Rourke's presence would be "a futile act," Order at 3, inasmuch as the court would be "imposing only the *minimum* parole term established in 21 U.S.C. § 960(b)(1)," *id.*, and would be "exercising no discretion or function requiring the input of the defendant or his counsel." *Id.* at 4. The addition of a special parole term, however, is more than a mere ministerial act. *See Caille v. United States,* 487 F.2d 614, 616 (5th Cir.1973) (per curiam). Although the district court may have no discretion to omit the mandatory three-year term at issue here, the court could nonetheless conclude that a shorter term of imprisonment is appropriate given the imposition of the mandatory parole term. Rourke has the right to be present in open court to urge that result upon the sentencing judge.

■ In addition to arguing that he should have been present when the special parole term was added, Rourke contends that the resentencing constituted double jeopardy. We disagree. When a second sentence imposed on resentencing is more severe than the original sentence, the relevant double jeopardy analysis requires that we ask whether the defendant had a legitimate expectation of finality in his original sentence. *See United States v. Welch,* 928 F.2d 915, 916 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 153, 116 L.Ed.2d 118 (1991). A defendant cannot acquire a legitimate expectation of finality in a sentence which is illegal, because such a sentence remains subject to modification. *Id.* In

this case, the original sentence was illegal because it did not include the statutorily mandated special parole term. *See, e.g., Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947) (sentence of prison term only under statute which required both prison term and fine was illegal and could be corrected without offending double jeopardy by resentencing to add fine). Because Rourke lacked a reasonable expectation of finality in his original illegal sentencing,[3] the resentencing did not implicate double jeopardy concerns even though Rourke's sentence was increased.[4] *Id.*

■ Rourke also asserts that the imposition of the special parole term evidenced vindictiveness by the district court in retaliation for Rourke's efforts to "set the record straight in his case." Brief of Appellant at 7. "In order to show the absence of vindictiveness, [*North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969),] requires that when a judge resentences a defendant to a harsher punishment, she must affirmatively state her reasons for doing so." *Welch,* 928 F.2d at 919 (McKay, J., concurring). Here, the district court stated that the sentence was increased to correct an inadvertent omission and to comply with the statutory mandate. Rourke's claim of vindictiveness is without merit.

Rourke next makes arguments based on alleged inaccuracies in his presentence report. His challenge to the presentence report, however, has already been considered by this court. *See United States v. Rourke,* Nos. 90–5092, 90–5129 & 90–5130, Order and Judgment (10th Cir. Dec. 3,

---

*States v. Villano,* 816 F.2d 1448 (10th Cir.1987) (en banc).

**3.** We note that Rourke was specifically informed by the court at the guilty plea hearing that his conviction would include a mandatory special parole term of at least three years. Transcript of Change of Plea, Oct. 22, 1985, at 16–17, *reprinted* in Order at 4–6. Moreover, Rourke states on appeal that only after serving six years of his prison sentence did he discover that the parole term had not been included in his formal sentence. *See* Brief of Appellant at 3. Even if Rourke lacked actual knowledge, a defendant is charged with knowledge that an illegal sentence can always be corrected under

Fed.R.Crim.P. 35. *United States v. Kane,* 876 F.2d 734, 737 (9th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989).

**4.** The added sentence does not exceed the statutory limit, as Rourke contends. The statute requires imprisonment of not more than fifteen years, or a fine of not more than $25,000, or both. 21 U.S.C. § 960(b)(1). If a prison term is imposed, the statute further requires that "the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment." *Id.* Thus, rather than exceeding the statutory limit, it was necessary to add the special parole term to comply with the statute.

1990). In that order and judgment, we remanded Rourke's case for an evidentiary hearing on his claim of incompetence at the time of his plea and sentencing proceedings. *Id.* at 9. His appeal from the district court's finding of competency on remand is presently pending in this court in case No. 91–5182. Issues regarding the presentence report will be further considered in that appeal.

 Rourke's argument challenging his guilty plea to a charge of filing a false tax return is inappropriate in a Rule 35(a) motion. Rule 35(a) allows correction of a sentence and does not provide for an attack on the validity of the underlying conviction. *United States v. Hamilton,* 553 F.2d 63, 65 (10th Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977). Construing this pro se allegation liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we will view it as one seeking collateral relief from Rourke's conviction pursuant to 28 U.S.C. § 2255. Nonetheless, the merits of this claim may not properly be considered here. Rourke did not raise this issue with the district court in the proceeding which generated this appeal, and we therefore have no record or district court ruling before us to review. Moreover, it appears from Rourke's brief in this appeal that the district court did consider the validity of Rourke's guilty plea to the tax violation count at the evidentiary hearing held November 13, 1991, on remand from our prior order and judgment. That issue is thus presently pending before this court there and will be considered in that appeal.

The judgment of the United States District Court for the Northern District of Oklahoma imposing a special parole term is VACATED, and this case is REMANDED for the limited purpose of resentencing in accordance with this opinion.[5]

---

5. The district court's new sentencing order should state clearly that Rourke's special parole term will begin upon his release from confinement, which may not necessarily be upon "the completion of the term of thirteen years imprisonment" as stated in the original Order. Order at 7.