13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Francis ROURKE, Defendant-Appellant.
 No. 93-5131.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant John Francis Rourke, appearing pro se, appeals from an order of the district court imposing a new sentence on Mr. Rourke, following a remand from this court in United States v. Rourke, 984 F.2d 1063 (10th Cir.1992). We affirm.
 
 BACKGROUND
 
 3
 We quote the basic procedural history of this case from our prior published opinion:
 
 
 4
 In 1985 ... Rourke was sentenced under 21 U.S.C. 960(b)(1) to a prison term of thirteen years after pleading guilty to various drug-related offenses and to filing a false tax return. At the guilty plea proceeding, the district court explained to Rourke that he would be subject to a mandatory special parole term of at least three years under section 960(b)(1) as a result of his guilty plea to violating 21 U.S.C. 952(a). Rourke subsequently challenged his convictions, his sentence and the denial of parole. We addressed those claims in a single order and judgment, see United States v. Rourke, Nos. 90-5092, 90-5129, 90-5130, Order and Judgment (10th Cir. Dec. 3, 1990), in which we remanded in part for an evidentiary hearing on Rourke's competency at his plea and sentencing. After this hearing, which was held on November 13, 1991, Rourke realized that no term of special parole had been included in his original sentence.
 
 
 5
 Rourke then filed a motion with the district court for correction of his sentence pursuant to Fed. R. Crim. P. 35(a). Rourke requested the district court to reduce the thirteen year term of imprisonment by at least three years and to add the special parole term to the end of that sentence so that the total term of supervision on the section 952 count, including both prison and parole, would add up to thirteen years. The district court found that the additional three-year special parole term required by section 960(b)(1) had by inadvertence not been pronounced in open court at the sentencing hearing or included in the formal written sentence. The court then added the special parole term without reducing the thirteen year sentence of imprisonment and without requiring Rourke's presence in the courtroom.
 
 
 6
 Id. at 1065. We then vacated the sentence imposing the special parole term and remanded "for the limited purpose of resentencing in accordance with this opinion." Id. at 1067. In so doing, we stated, "[t]he district court's new sentencing order should state clearly that Rourke's special parole term will begin upon his release from confinement, which may not necessarily be 'upon completion of the term of thirteen years imprisonment' as stated in the original Order." Id. at n.5 (quoting United States v. Rourke, No. 85-CR-57-C, slip op. at 2, 7 (N.D. Okla. April 6, 1992)). We also stated that the corrected sentence would have to be imposed in Mr. Rourke's presence, inasmuch as the district court had erred in sentencing Mr. Rourke in absentia.
 
 
 7
 Rourke thereafter filed: (1) an "Emergency Petition for the Court to Modify Sentence and to Impose an Appropriate Term of Special Parole"; (2) a motion for an expedited hearing on his Emergency Petition; (3) a "Waiver and Consent to Proceedings in Absence of Defendant"; and (4) a motion for the court to proceed to judgment on his Emergency Petition. Mr. Rourke, through these various pleadings, sought to have the district court sentence him to time served, with the required special parole term to commence immediately upon his release. He argued that footnote 5 of our opinion in Rourke remanding his case required such a sentence.
 
 
 8
 The district court, by order dated May 4, 1993, denied Mr. Rourke's various motions and directed the United States Marshall's office to bring Mr. Rourke before the court on June 8 "for the limited purpose of correcting the sentence imposed ... on November 22, 1985." Order at 6, R. Vol. I Tab 339. At that time, the district court sentenced him to 11 years imprisonment (a reduction from the original 13 year sentence imposed) for the 21 U.S.C. 952(a) and 960(a)(1) violations, followed by a three year term of special parole; five years imprisonment on a racketeering count, to run consecutive to the 11 year term; and to terms of four years and three years on the remaining two counts, both to run concurrently with the 11 and five year terms.
 
 
 9
 As in his original sentence, the court specifically stated that all counts were to run concurrent with a sentence of 14 years imprisonment, followed by 4 years special parole, imposed by the Eastern District of Virginia for other drug-related crimes; and the three-year special parole term was to run concurrently with any unserved potion of the special parole term imposed in Virginia. Thus, the only change from the sentence previously imposed involved the reduction of the 13-year term to 11 years and the imposition of the three-year special parole term. Mr. Rourke appeals the May 4 order and the sentence imposed on June 8 and entered on the docket on June 14, 1993. We affirm the sentence.
 
 
 10
 Mr. Rourke continues to assert in this appeal that footnote 5 of our Rourke opinion remanding his case requires the district court to sentence him to time served and permit his immediate release, at which time his three-year special parole term would commence. Mr. Rourke misinterprets the language of footnote 5. Footnote 5 simply acknowledges that Mr. Rourke's special parole would not commence until after his term of imprisonment is ended and any general parole or other period of supervised release. As 21 U.S.C. 960(c) provided, "[a] special parole term ... is in addition to, and not in lieu of, any other parole provided for by law." See also 28 C.F.R. 2.57(a) (special parole term "is an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release."). Nothing in footnote 5 compels the conclusion that Mr. Rourke must be immediately released or that, for example, the five year terms which was to run consecutively to the 11 year term need not be served. It merely acknowledges that the three-year special parole term may not necessarily commence upon completion of the 11-year sentence for count one.
 
 
 11
 Mr. Rourke has filed a supplemental brief raising various issues for the first time on appeal. Because they were not raised below we decline to consider them, Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). Mr. Rourke has also filed a motion seeking assignment of this case to the panel which heard his previous appeal which resulted in our published opinion, United States v. Rourke, 984 F.2d 1063 (10th Cir.1992), remanding his case for the imposition of the sentence he again challenges in this appeal. We DENY the motion.
 
 
 12
 For the foregoing reasons, the order and the judgment imposing a corrected sentence on Mr. Rourke is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3