59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Francis ROURKE, Petitioner-Appellant,
v.
Tom R. KINDT; Patrick T. Casey, Warden of FPC Millington,
Tennessee, Respondents-Appellees.
 No. 94-6449.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John F. Rourke filed an action pursuant to 28 U.S.C. 2241 claiming that he was entitled to discharge or mandatory release from his 14-year sentence. Upon recommendation of the magistrate judge, the district court denied his petition because Mr. Rourke's 14-year sentence had been aggregated with a subsequent 16-year sentence, which was not completed. We affirm.
 
 
 3
 In 1985, Mr. Rourke received two federal sentences in two federal courts. On May 3, he was sentenced in the Eastern District of Virginia to a term of confinement of 14 years with a four-year special parole term. On November 22, he was sentenced in the Northern District of Oklahoma to a 16-year term of confinement with a three-year special parole term.[2] In imposing the second sentence, the district court ordered it to run concurrently with Mr. Rourke's earlier sentence. The Bureau of Prisons then aggregated these sentences for the purpose of sentence computation, requiring Mr. Rourke to serve a single term of imprisonment of 16 years, six months, and 19 days.[3]
 
 
 4
 Mr. Rourke filed this action, claiming that his sentences should not have been aggregated. He contends that he completed his 14-year term on February 9, 1993 and was thus eligible for parole at that time for that sentence. Because he concedes that he would have remained in prison to serve the remainder of his 16-year sentence, Rec., vol. I at doc. 6 exh. 1, we must assume that Mr. Rourke seeks to count the time spent serving the remainder of the 16-year sentence as time on parole for the 14-year sentence. See id. ("[P]lease consider this as a formal request to be discharged from [the 14-year sentence] as if on parole to be retroactive from on or about February 9, 1993 ....") (emphasis added).
 
 
 5
 In a well-reasoned opinion which the district court adopted, the magistrate judge concluded that "[b]ecause Petitioner's sentences were properly aggregated, he is not entitled to be discharged or mandatorily released from the 14[-]year sentence simply because he would have reached mandatory release had the sentence not been aggregated." Rec., vol. I, doc. 14 at 5. After engaging in an independent review of the record, briefs, and precedent, we agree for substantially the reasons stated in the magistrate judge's opinion.
 
 
 6
 Mr. Rourke also asserts on appeal that the district court dismissed his petition without making a de novo determination of its merits. Because the district court explicitly concurred with the magistrate judge's analysis of Mr. Rourke's claim, rec., vol. I at doc. 16, we conclude that the court engaged in the required de novo inquiry.
 
 
 7
 We AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Rourke was originally sentenced to 18-years imprisonment, but we remanded the case for resentencing, United States v. Rourke, 984 F.2d 1063 (10th Cir.1992). On remand, the district court vacated the 18-year sentence and imposed the 16-year sentence with the modified parole term
 
 
 [3]
 The six months and 19 days constitute the time Mr. Rourke served for his original 14-year sentence before the 16-year sentence was imposed