2002 WY 9

**Jason Anthony POPE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–136.

Supreme Court of Wyoming.

Jan. 25, 2002.

Sylvia Lee Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and T. Alan Elrod, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

LEHMAN, Chief Justice.

[¶ 1]   Appellant Jason Pope appeals from the Judgment and Sentence entered after he was convicted by a Sheridan County jury of felony interference with a police officer, in violation of Wyo. Stat. Ann. § 6–5–204(b) (LexisNexis 2001).[1]  Pope claims that his constitutional right not to be placed twice in jeopardy for the same offense was violated when he was tried and convicted of the felony charge after he had already been convicted of misdemeanor interference with a peace officer, in violation of Wyo. Stat. Ann. § 6–5–204(a) (LexisNexis 2001).[2]  We conclude that he was not subjected to double jeopardy because his crimes involved different actions and different victims.

[¶ 2]   Affirmed.

### ISSUE

[¶ 3]   Pope presents a single issue on appeal:

> Whether Pope was denied his constitutional right under the United States Constitution, Fifth Amendment, and the Wyoming Constitution, art. 1 § 11, to be free from being placed twice in jeopardy.

### FACTS

[¶ 4]   The facts which support the jury's verdict are as follows: On July 30, 1999, Officer John King of the Sheridan Police Department was dispatched to a domestic disturbance.  When he arrived at the scene, he heard screaming and a loud boom that shook the windows of the house.  He immediately reported to dispatch that the dispute had become physical.

---

1.   Section 6–5–204(b) states:

(b) A person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is guilty of a felony punishable by imprisonment for not more than ten (10) years.

2.   Section 6–5–204(a) states:

(a) A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties.

[¶ 5]   Officer King entered the house and heard screaming coming from two different locations.   He checked the main floor and discovered some small children crying in a bedroom.   Officer King then proceeded up the stairs, where he witnessed Pope sitting on top of his wife.   As the officer approached, Pope turned toward him in an aggressive manner.   Officer King tried to force Pope to the ground but was not successful, and Pope pulled away from him.   Pope then hit Officer King in the face with his closed fist, knocking off and breaking the officer's glasses.

[¶ 6]   Officer King told Pope that he was under arrest and began to handcuff him.   Pope did not cooperate, and the two men scuffled.   The officer sprayed Pope with pepper spray, but it did not affect him.   Sheridan Police Officer Phillips arrived while Pope and Officer King were still struggling.   The two officers handcuffed Pope and began leading him out of the room.   They informed Pope that he was under arrest for hitting Officer King.

[¶ 7]   Pope started jumping as Officers King and Phillips attempted to escort him down the stairs.   Officer Lamb of the Sheridan Police Department arrived at the scene and began climbing the stairs to assist the other officers; however, he realized that he was in a bad position, so he turned around to descend the stairs.   At that point, Pope jumped down the stairs and kicked Officer Lamb, knocking him against the wall.   Pope then tried to flee by going around Officer Lamb, but the officer grabbed him, and they began to struggle.   Pope pushed Officer Lamb toward the stair railing and stated that the officer was going over the railing.   Officer Lamb eventually regained control of Pope.

[¶ 8]   Officer Lamb and Officer King directed Pope to the patrol car, where they attempted to perform a pat-down search.   Pope tried to kick the officers, and they wrestled him to the ground, sprayed him with pepper spray, and restrained his legs.   Pope was then transported to jail.   Officer Lamb suffered a head wound and an injury to his elbow in the altercation with Pope.

The officer was, consequently, taken to the emergency room for treatment.

[¶ 9]   Pope was issued two citations: one for domestic battery and the other for misdemeanor interference with a peace officer.   On August 2, 1999, Pope was brought before the Sheridan County Court for his initial appearance on the two citations.   In addition, Pope was served with a felony information, charging him with felony interference with a peace officer.   The felony information stated that the charge pertained to Pope's actions which resulted in Officer Lamb's injuries.

[¶ 10]   Pope waived his preliminary hearing on the felony charge and pled guilty to the two misdemeanor charges.   The State presented the factual basis for Pope's guilty pleas, recounting the entire confrontation among Pope and the three officers.   The State did not indicate, in its factual basis, that the misdemeanor interference charge pertained particularly to the incident involving Officer King.   Nevertheless, Pope agreed that the factual basis was substantially correct, and the trial court accepted his guilty pleas.   The parties then began discussing sentencing issues.   During that discussion, the prosecutor made a statement which indicated that the misdemeanor charge pertained to Pope's actions against Officer King and the felony charge related to Pope's actions against Officer Lamb.   Neither Pope nor his attorney disputed the statement.

[¶ 11]   On September 9, 1999, Pope filed a motion and a supporting memorandum seeking dismissal of the felony interference charge on the grounds that his constitutional right to be free from being placed twice in jeopardy for the same offense was violated when the State prosecuted him for felony interference after he had already been convicted of misdemeanor interference.   The trial court denied Pope's motion to dismiss and also denied a subsequent motion to reconsider its ruling on the double jeopardy issue.

[¶ 12]   The trial court held a jury trial on the felony charge on December 1 and 2, 1999.   The State requested permission from the trial court to cross-examine Pope with evidence showing that he had agreed with the State's factual basis for the misdemeanor charge.   The trial court granted the State's

request, with certain conditions; however, the State did not present the evidence at the trial. The jury found Pope guilty of the felony charge, and the trial court subsequently entered a Judgment and Sentence against Pope. He filed a timely notice of appeal to this court.

### DISCUSSION

██ [¶ 13] Pope claims that his constitutional right to be free from being placed twice in jeopardy for the same offense was violated when he was prosecuted for felony interference with a peace officer after he had already been convicted of misdemeanor interference with a peace officer. In support of his contention, Pope argues that the misdemeanor charge pertained to Pope's action against all three officers at the scene because neither the citation nor the State's factual basis for the misdemeanor charge specified any particular officer as being the victim of that crime. Pope contends, therefore, that he could not later be prosecuted separately for his actions against Officer Lamb. Pope argues vehemently that the State's request to cross-examine him, at the trial on the felony charge, about the fact that he agreed with the State's factual basis for the misdemeanor charge is strong evidence that he was subjected to double jeopardy in this case. The State contends that Pope was not subjected to double jeopardy because the misdemeanor charge pertained to Pope's altercation with Officer King and the felony charge related to Pope's actions against Officer Lamb. We agree with the State.

██ [¶ 14] The Wyoming Supreme Court reviews claims that a constitutional right has been violated by applying our *de novo* standard of review. *Burdine v. State,* 974 P.2d 927, 929 (Wyo.1999). The Fifth Amendment to the United States Constitution and art. 1, § 11 of the Wyoming Constitution guarantee that a person will not be placed twice in jeopardy for the same offense. The double jeopardy provisions of the Wyoming and United States constitutions "have the same meaning and are coextensive in application." *Vigil v. State,* 563 P.2d 1344, 1350 (Wyo.1977). *See also Amrein v. State,* 836 P.2d 862, 864 (Wyo.1992). The double

jeopardy constitutional guarantee provides three protections to persons accused of crimes:

> It protects the accused who has been acquitted against a second prosecution for the same offense; it protects the accused who has been convicted against a second prosecution for the same offense; and it protects the accused against multiple punishments for the same offense.

*Amrein,* 836 P.2d at 864. *See also Frenzel v. State,* 938 P.2d 867, 868 (Wyo.), *cert. denied* 522 U.S. 959, 118 S.Ct. 388, 139 L.Ed.2d 303 (1997); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). We are concerned with the second protection in this case.

██ [¶ 15] The statutory elements test articulated in the famous United States Supreme Court case of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), is used by this court to analyze claims that a person has been prosecuted twice for the same offense. *See e.g., Longstreth v. State,* 890 P.2d 551, 553 (Wyo. 1995). The *Blockburger* test is articulated as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. *See also Longstreth,* 890 P.2d at 553. Under the *Blockburger* test, a person generally may not be prosecuted for a greater offense after he has already been convicted of a lesser-included offense based upon the same conduct. *Brown,* 432 U.S. at 168, 97 S.Ct. at 2226–27. Recently this court clarified that misdemeanor interference with a peace officer is a lesser-included offense of the greater charge of felony interference with a peace officer. *Mueller v. State,* 2001 WY 134, ¶ 14, 36 P.3d 1151, ¶ 14 (Wyo.2001).

██ [¶ 16] Nevertheless, the *Blockburger* analysis does not apply when the two charges involve different victims and different actions. "As a general proposition, with

few exceptions, in crimes against the person, when contrasted with crimes against property, there are as many offenses as individuals affected." *Vigil*, 563 P.2d at 1352. *See also Taylor v. State*, 7 P.3d 15, 20 (Wyo.2000); *Amrein*, 836 P.2d at 864. Thus, there is no issue of double jeopardy when the defendant committed "two separate and distinct acts of violence against two separate and distinct human beings." *Starr v. State*, 821 P.2d 1299, 1301 (Wyo.1991) (per curiam). *See also Geiser v. State*, 920 P.2d 1243, 1244 (Wyo. 1996).

[¶ 17] A review of the court record in this case shows that the misdemeanor charge clearly related to Pope's actions against Officer King and the felony charge clearly concerned Pope's actions against Officer Lamb. When Officers King and Phillips initially placed Pope under arrest, they informed him that he was being arrested for his actions against Officer King. Officer Lamb was not even involved with the situation at that point, and Pope's actions which resulted in the injury to Officer Lamb occurred subsequent to the initial arrest. The State issued citations to Pope for misdemeanor interference with a peace officer and domestic battery. Pope pled guilty to both misdemeanor charges.

[¶ 18] Pope was served with a separate felony information, charging him with felony interference with a peace officer for injuring Officer Lamb. While the factual basis provided by the State to support Pope's guilty plea on the misdemeanor charge did include the facts of the entire altercation among Pope and the three officers, the State did not offer any details about the injuries Officer Lamb received in the altercation with Pope. Pope agreed with the State's factual basis on the misdemeanor charge, and he did not contradict the State's subsequent statement that the misdemeanor charge pertained to the altercation with Officer King and the felony charge related to Pope's actions which resulted in the injuries to Officer Lamb. Moreover, the State ultimately did not cross-examine Pope about the fact that he agreed with the State's factual basis for the misdemeanor charge. Consequently, that argument is irrelevant to our analysis.

[¶ 19] Under the facts of this case, it is clear that the charges involved two distinct actions against two different victims. Pope could be prosecuted for each of these incidents without violating his constitutional right to be free from being placed twice in jeopardy. The district court did not err by denying his motion to dismiss.

[¶ 20] Affirmed.