2012 WY 34

**Charles MORONESE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0183.

Supreme Court of Wyoming.

March 8, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Senior Assistant Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] Charles Moronese, the appellant, pled guilty to attempted second-degree murder and received a sentence of 20 to 22 years (or 240 to 264 months) imprisonment. More than four years after starting his sentence, the appellant filed a motion to correct an illegal sentence. He alleged that his sentence violated Wyo. Stat. Ann. § 7–13–201 (LexisNexis 2011) because the minimum term was greater than ninety percent of the maximum term. Rather than decrease the minimum term below the statutory minimum, as requested by the appellant, the district court increased the maximum term from 264 months to 267 months. The appellant appealed, arguing that increasing his sentence after he had begun to serve that sentence violated double jeopardy. We affirm, but remand for amendment of the sentence to include credit for time served.

## ISSUE

[¶ 2] Did the district court violate the double jeopardy provisions of the Wyoming and United States Constitutions by increasing the term of the appellant's prison sentence following the appellant's motion to correct an illegal sentence?

## FACTS

[¶ 3] The appellant was originally charged with attempted first-degree murder. Ultimately, he pled guilty to attempted second-degree murder, in violation of Wyo. Stat. Ann. §§ 6–1–301(a)(i) and 6–2–104 (LexisNexis 2011), and was sentenced to a prison term of 20 to 22 years. The penalty for attempted second-degree murder is imprisonment "in the penitentiary for any term not less than twenty (20) years, or during life." Wyo. Stat. Ann. § 6–2–104. The appellant was transferred to the Wyoming State Penitentiary on June 6, 2006.

[¶ 4] After serving more than four years of his sentence, the appellant filed a motion to correct illegal sentence, arguing that his sentence violated the indeterminate sentencing statute. That statute requires that "the court imposing the sentence ... shall establish a maximum and minimum term within the limits authorized for the statute violated." Wyo. Stat. Ann. § 7–13–201. The statute continues, "the minimum term shall not be less than the minimum provided by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed." *Id.* The appellant correctly stated that his sentence of 20 to 22 years, or 240 to 264 months, violated this requirement because 240 months exceeds ninety percent of 264 months. To bring his sentence into compliance with this requirement, the appellant requested that the district court suspend one year of his minimum sentence, so his effective term would be 19 to 22 years. Ruling that the original sentence was illegal in violation of the indeterminate sentencing statute, the district court resentenced the appellant to a term of imprisonment of 240 to 267 months. The appellant now appeals that decision.

## STANDARD OF REVIEW

[¶ 5] Whether a sentence is illegal is a question of law we will review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

## DISCUSSION

[¶ 6] The appellant argues that his right not to be subjected to double jeopardy in violation of the Wyoming and United States Constitutions was violated when the district court increased his sentence as a result of his motion to correct an illegal sentence. Acknowledging that his original sentence was illegal under the indeterminate sentencing statute, the appellant contends

that the proper remedy would be to decrease the minimum term from 220 months to 216 months. Finally, the appellant complains that his new sentence failed to provide credit for time served.

■■■ [¶ 7] The Fifth Amendment to the United States Constitution provides in part that no person shall "be twice put in jeopardy of life or limb" for the same crime. U.S. Const. amend. V. The rights provided in the Fifth Amendment are enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). Additionally, the Wyoming Constitution explicitly includes the protection against double jeopardy. Wyo. Const. art. 1, § 11. "The double jeopardy provisions of the Fifth Amendment to the Constitution of the United States and Art. 1, § 11 of the Wyoming Constitution have the same meaning and are coextensive in application.... Each protects against ... multiple punishments for the same offense." *Simonds v. State*, 799 P.2d 1210, 1212 (Wyo.1990) (citations omitted). This bars increases to a defendant's sentence after beginning imprisonment. *Turner v. State*, 624 P.2d 774, 776 (Wyo.1981).

■■■ [¶ 8] There are, however, situations in which double jeopardy principles will not bar a sentence increase. "[T]he prospect of increased punishment upon resentencing raise[s] a double jeopardy problem only to the extent of a defendant's reasonable expectations that his original sentence had become final." *Simonds*, 799 P.2d at 1213. Here, the appellant moved to correct his illegal sentence. "With respect to those instances where a defendant initiates an appeal ... it is evident that such a defendant harbors no justifiable expectation in the finality of the original sentence." *Id.* The appellant initiated the hearing on his motion to correct an illegal sentence. At that point, he no longer had an expectation of finality in his sentence as his very argument rests on the fact that his sentence is improper and ought to be corrected.

■■■ [¶ 9] There is also no expectation of finality in an illegal sentence.

When a second sentence imposed on resentencing is more severe than the original sentence, the relevant double jeopardy analysis requires that we ask whether the defendant had a legitimate expectation of finality in his original sentence. A defendant cannot acquire a legitimate expectation of finality in a sentence which is illegal, because such a sentence remains subject to modification.

*United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir.1992) (citations omitted). In *Rourke*, the appellant had been sentenced to thirteen years in prison. *Id.* at 1065. Although it was required by statute, his sentence did not include a mandatory special parole term of at least three years. *Id.* The appellant filed a motion to correct his sentence and requested a reduction of at least three years to his thirteen year term, with the parole term added at the end of that sentence. *Id.* The district court, instead, added a three year special parole term to the end of his original sentence without reduction. The Tenth Circuit ruled that "[b]ecause Rourke lacked a reasonable expectation of finality in his original illegal sentencing, the resentencing did not implicate double jeopardy concerns even though Rourke's sentence was increased." *Id.* at 1066. Similarly, this Court has stated that "[t]he double jeopardy clause of the Fifth Amendment to the United States Constitution prevents a court from increasing a sentence, *which is in all respects legal,* after a defendant has begun serving it." *Maher v. State*, 991 P.2d 1248, 1249 (Wyo.1999) (emphasis added).

■■■ [¶ 10] The appellant's original sentence was clearly illegal since the minimum term was more than ninety percent of the maximum term. "An illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutional provisions or the law." *Sarr v. State*, 2007 WY 140, ¶ 9, 166 P.3d 891, 894 (Wyo.2007). Wyoming law allows a court "to correct an illegal sentence at anytime." W.R.Cr.P. 35(a). The U.S. Supreme Court has found no double jeopardy violation where an illegal sentence was corrected and increased after the appellant had begun to serve his sen-

tence. In *Bozza v. United States*, the appellant had been sentenced to imprisonment where the applicable statute required imprisonment as well as a fine. 330 U.S. 160, 165, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947). Five hours later, while the appellant was in the custody of the U.S. Marshal's office, the judge recalled the appellant and imposed the mandatory fine as well. *Id.* at 165–66, 67 S.Ct. at 648. "It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal or in habeas corpus proceedings." *Id.* at 166, 67 S.Ct. at 648–49 (citation omitted). The court continued, "[i]n this case the court only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense." *Id.* at 167, 67 S.Ct. at 649 (citation omitted). Similarly, in the instant case, the appellant's sentence had been increased in order to bring it into compliance with statutory requirements. It is of no consequence that the appellant had served a significantly longer portion of his term prior to resentencing than the appellant in *Bozza*, nor does it matter that the resentencing in *Bozza* was not a result of a motion by the appellant. The original sentence was illegal and the district court was required to correct it.

[¶ 11] In order to bring the appellant's sentence into compliance with the ninety percent requirement, either the minimum term had to be reduced or the maximum term increased. The appellant requested that the illegal sentence be corrected by reducing the minimum term. Such a reduction, however, would result in the sentence remaining illegal, albeit for a different reason.

It is clear that in fixing punishment the court must comply with the law, and the sentence must be within the limits of the minimum and maximum punishment prescribed by statute for the particular offense.... A court may not assess punishment below a mandated minimum term. If the sentence imposed is less than the minimum term, the court must revoke the initial sentence and substitute the longer one that should have been imposed.

*Williams v. State*, 692 P.2d 233, 235 (Wyo. 1984) (internal citations omitted). The appellant's original sentence was for 20 to 22 years, with 20 years being the minimum threshold permitted by the applicable statute. Because the appellant could have no expectation of finality in his sentence, double jeopardy was not violated when the maximum term was increased. This was the appropriate option to correct the appellant's sentence.

[¶ 12] Finally, the appellant is entitled to credit for his time already served on the original sentence. The amended sentence will only increase the maximum term, and the four-and-a-half years he spent incarcerated prior to his motion to correct the illegal sentence must be applied toward the corrected sentence.

## CONCLUSION

[¶ 13] The appellant was sentenced to 20 to 22 years imprisonment for a crime punishable by a term of 20 years to life. This sentence was illegal because it violated the statutory requirement that a minimum term may not be more than ninety percent of the maximum term. As a result of the appellant's motion to correct an illegal sentence, the district court correctly increased the maximum term from 264 months to 267 months. The corrected sentence should, however, reflect the appropriate credit for the time the appellant has served.

[¶ 14] We affirm the order granting the motion to correct illegal sentence, but we remand for inclusion in that sentence of credit for time served.