# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 79

**APRIL TERM, A.D. 2025**

**July 17, 2025**

LOGAN GREGORY GOSSELIN,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-24-0313

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Sean H. Barrett, Senior Assistant Appellate Counsel.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kristine D. Rude, Assistant Attorney General.

*Before BOOMGAARDEN, C.J., and FOX,\* GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Logan Gregory Gosselin pled guilty to one count of sexual exploitation of a child. The district court sentenced him to three to eight years in prison and recommended he be placed in the Youthful Offender Transition Program (YOTP).  When he neared completion of the program, Mr. Gosselin filed a motion for sentence reduction.  The district court denied the motion and Mr. Gosselin appealed, arguing the district court abused its discretion and violated his constitutional rights when it disregarded an earlier promise to reduce his sentence if he successfully completed the YOTP.  We affirm.

## ISSUES

[¶2]       1.    Did the district court abuse its discretion when it denied Mr. Gosselin's motion for sentence reduction?

2.    Did the district court's order denying Mr. Gosselin's motion for sentence reduction violate his due process rights under the United States and Wyoming Constitutions?

3.    Did the district court's order denying Mr. Gosselin's motion for sentence reduction violate United States and Wyoming constitutional protections against double jeopardy?

## FACTS

[¶3]    The State charged Mr. Gosselin with 11 counts of sexual exploitation of a child in violation of Wyo. Stat. Ann. § 6-4-303(b) for possession of videos depicting child pornography.  Pursuant to a plea agreement, Mr. Gosselin pled guilty to one count.  In exchange, the State dismissed the remaining counts and agreed to advocate for a sentence of no greater than five to eight years in prison.  At sentencing, Mr. Gosselin argued probation would be an appropriate sentence given this was his first offense, his young age, his remorse for his actions, his voluntary entry into a treatment program, and a mental health evaluation identifying him as "low risk."  The State contended a five-year term of imprisonment would be appropriate.

[¶4]    At the sentencing hearing, the district court orally imposed a sentence of three to eight years of incarceration and recommended Mr. Gosselin to the YOTP:

> I will . . . make the youthful offender treatment program recommendation.  Certainly I don't qualify him, but I certainly make that recommendation such that some time over the next

1

year there'll be a motion for sentence reduction in front of me, and if it's you, [Mr. Gosselin], you'll be[] making some of these same arguments, and you, [the State] will be arguing for these same conditions that are suggested here today, but it's not time yet.

The district court's written judgment and sentence ordered incarceration "for a period of no less than three (3) years nor more than eight (8) years" and ordered Mr. Gosselin

> be placed in the Youthful Offender Transition Program . . . ; this order is made with the expectation that if the Defendant completes the "Youthful Offender Transition Program" he will be returned before the Court for reduction of sentence which would suspend the remaining term, under supervised probation, with such terms and conditions as the Court deems appropriate[.]

Shortly after entering the Judgment and Sentence, the district court judge retired and was replaced by a new judge.

[¶5]    When Mr. Gosselin neared completion of the YOTP, he filed a motion for sentence reduction under W.R.Cr.P. 35(b).[1]  Mr. Gosselin requested his sentence be reduced to probation for a period of three years after his completion of the YOTP.  He advised the court he anticipated completion of the YOTP on September 26, 2024, which was verified by a letter from the Wyoming Department of Corrections attached to his motion.  The State did not file a response.  The district court did not hold a hearing on Mr. Gosselin's motion. It issued an order denying Mr. Gosselin's motion, stating, "the Court having considered the Motion and the file in this matter . . . and being otherwise well advised in the premises: **IT IS HEREBY ORDERED** . . . that the Defendant's Motion for Sentence Reduction shall be and the same is **DENIED**."  Mr. Gosselin timely appealed.

### *DISCUSSION*

### I.    *Did the district court abuse its discretion when it denied Mr. Gosselin's motion for sentence reduction?*

[¶6]    Mr. Gosselin argues the district court abused its discretion when it denied his motion for sentence reduction because it did not explain its rationale.  He asserts when the district

---

[1] This was Mr. Gosselin's second motion for sentence reduction.  Mr. Gosselin filed his first motion for sentence reduction in January 2024, arguing that his sentence should be reduced due to serious health issues he had developed.  After his health improved, Mr. Gosselin withdrew this motion for sentence reduction.

2

court denied his motion, it improperly modified its earlier written ruling indicating his sentence would be reduced if he completed the YOTP.

[¶7]    We review a district court's decision on a W.R.Cr.P. 35(b) motion to reduce a sentence as follows:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. The sentencing judge is in the best position to decide if a sentence modification is appropriate[] and is free to accept or reject information submitted in support of a sentence reduction at its discretion. Our objective on review is not to weigh the propriety of the sentence if it falls within the sentencing range; we simply consult the information in front of the court and consider whether there was a rational basis from which the district court could reasonably draw its conclusion. Because of the broad discretion given to the district court in sentencing, and our significant deference on appeal, this Court has demonstrated many times in recent years that it is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on an abuse of discretion argument.
>
> *Harper v. State*, 2023 WY 49, ¶ 5, 529 P.3d 1071, 1073 (Wyo. 2023) (quoting *Mitchell v. State*, 2020 WY 131, ¶ 17, 473 P.3d 1255, 1257 (Wyo. 2020)) (internal citation omitted). A district court abuses its discretion when it acts in a manner exceeding the bounds of reason under the circumstances. *Boline v. JKC Trucking*, 2025 WY 27, ¶ 28, 565 P.3d 669, 676 (Wyo. 2025).

*Herrera v. State*, 2025 WY 62, ¶ 10, 569 P.3d 772, 775–76 (Wyo. 2025).

[¶8]    Sentence reduction, including one based on completion of the YOTP, falls within the discretion of the sentencing court. *Herrera*, ¶ 15, 569 P.3d at 776; Wyo. Stat. Ann. § 7-13-1002 (sentencing court may reduce the sentence of a convicted felon who is recommended for, accepted into, and completes the YOTP). Rule 35(b) requires a sentencing court to consider motions for sentence reduction and supporting materials but does not generally require the court to explain its reasons for denying a motion for sentence reduction. *Herrera*, ¶ 16, 569 P.3d at 776; *Hurtado v. State*, 2023 WY 63, ¶ 8, 531 P.3d 306, 308 (Wyo. 2023).

[¶9]   Mr. Gosselin asserts the district court's written judgment and sentence contained a commitment by the district court to reduce his sentence by suspending it and putting him on probation if he successfully completed the YOTP.  The written judgment included language stating that there was an "expectation that if the Defendant completes the 'Youthful Offender Transition Program' he will be returned before the Court for reduction of sentence which would suspend the remaining term, under supervised probation, with such terms and conditions as the Court deems appropriate."

[¶10]  To address Mr. Gosselin's argument, we look to our recent decision in *Herrera v. State*.  *Herrera*, while similar, is distinguishable from Mr. Gosselin's case.  In *Herrera*, Mr. Herrera pled guilty to aggravated robbery, and the district court recommended participation in the YOTP.  *Herrera*, ¶¶ 3–4, 569 P.3d at 774.  During sentencing, the judge verbally stated that if Mr. Herrera successfully completed the YOTP, he would receive a sentence reduction.  He told Mr. Herrera, if you "succeed in the youthful offender, . . . *you will get a sentence reduction . . . .*" *Id.* ¶ 5, 569 P.3d at 774 (emphasis added).  As he neared completion of the YOTP, Mr. Herrera filed a Rule 35(b) motion for sentence reduction.  The original district court judge had retired and was replaced by a new district court judge.  The new judge denied Mr. Herrera's motion.  He appealed.  *Id.* ¶ 6–9, 569 P.3d at 774–75.  This Court reversed, holding that the district court abused its discretion because it failed to justify its departure from its oral promise to reduce Mr. Herrera's sentence if he completed the YOTP.  *Id.* ¶ 20, 569 P.3d at 777.

[¶11]  The written judgment and sentence in *Herrera* contained language identical to the written judgment and sentence in Mr. Gosselin's case.[2]  *Id.* ¶ 6, 569 P.3d at 774–75.  In *Herrera*, we held that the written judgment and sentence did not affirmatively commit the district court to reducing Mr. Herrera's sentence if he successfully completed the YOTP; rather, it "explain[ed] the expectation that Mr. Herrera would return to the court and seek a sentence reduction if he completed the program." *Id.* ¶ 19, 569 P.3d at 777.  This reasoning holds true here.

[¶12]  Black's Law Dictionary defines an expectation as:

> 1. The act of looking forward; anticipation.  2. A basis on which something is expected to happen; esp., the prospect of receiving wealth, honors, or the like.

---

[2] The *Herrera* Judgment and Sentence recommended Mr. Herrera
> be placed in the Youthful Offender Transition Program, located in Rawlins, Wyoming; this order is made with the expectation that if Defendant completes the "Youthful Offender Transition Program" he will be returned before the Court for reduction of sentence which would suspend the remaining term, under supervised probation, with such terms and conditions as the Court deems appropriate.

*Herrera*, ¶ 6, 569 P.3d at 774–75.

> "[E]xpectation does not in itself amount to intention. An operating surgeon may know very well that his patient will probably die of the operation; yet he does not intend the fatal consequence which he expects. He intends the recovery which he hopes for but does not expect." John Salmond, *Jurisprudence* 379–80 (Glanville L. Williams ed., 10th ed. 1947).

*Expectation*, Black's Law Dictionary (12th ed. 2024). Because an "expectation" is not a promise or commitment, the district court's written expression of its expectation that Mr. Gosselin's sentence would be reduced did not require the court to reduce his sentence after he completed the YOTP.

[¶13]   The district court's oral pronouncement in *Herrera* is notably different from the one the district court gave to Mr. Gosselin. At Mr. Gosselin's sentencing, the district court told the State and Mr. Gosselin,

> I certainly make [the YOTP] recommendation such that some time over the next year there'll be a motion for sentence reduction in front of me, and if it's you, [Mr. Gosselin], you'll be[] making some of these same arguments, and you, [the State], will be arguing for these same conditions that are suggested here today, but it's not time yet.

Unlike *Herrera*, where the judge told Mr. Herrera if he completed the YOTP he "w[ould] get a sentence reduction," the court did not tell Mr. Gosselin his sentence would be reduced on successful completion of the YOTP. Instead, the court told him if he successfully completed the YOTP, it was likely he would return to the court to request a reduced sentence.

[¶14]   The key difference between this case and Mr. Herrera's is the oral pronouncement. Here, the district court did not limit its later discretion or otherwise guarantee Mr. Gosselin his sentence would be reduced.

[¶15]   The district court did not abuse its discretion when it denied Mr. Gosselin's motion for a sentence reduction.

## II.   *Did the district court's order denying Mr. Gosselin's motion for sentence reduction violate his due process rights under the United States and Wyoming Constitutions?*

[¶16] Mr. Gosselin argues that the district court violated his due process rights under the Fifth Amendment to the United States Constitution and under article 1, section 6 of the Wyoming Constitution when it declined to reduce his sentence. He asserts the district court disregarded assurances in the written judgment and sentence that his sentence would be reduced on successful completion of the YOTP and, by doing so, it violated principles of fundamental fairness and due process.

[¶17] This "Court reviews claims that a constitutional right has been violated by applying our *de novo* standard of review." *Pope v. State*, 2002 WY 9, ¶ 14, 38 P.3d 1069, 1072 (Wyo. 2002) (citing *Burdine v. State*, 974 P.2d 927, 929 (Wyo. 1999)); *Hurtado*, ¶ 10, 531 P.3d at 309 ("The question of whether an individual was afforded constitutional due process is one of law, which we review de novo." (citing *Booth v. Booth*, 2019 WY 5, ¶ 11, 432 P.3d 902, 907 (Wyo. 2019))).

> The Fourteenth Amendment to the United States Constitution prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. 4, § 1. Similarly, the Wyoming Constitution's Due Process Clause states that "[n]o person shall be deprived of life, liberty or property without due process of law." Wyo. Const. Art. 1, § 6. Both constitutions employ the same language, and we have held that they afford equivalent protections. *See Reiter v. State*, 2001 WY 116, ¶ 19, 36 P.3d 586, 592 (Wyo. 2001).

*Vaughn v. State*, 2017 WY 29, ¶ 23, 391 P.3d 1086, 1095 (Wyo. 2017). A "party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way. The question is whether there has been a denial of fundamental fairness." *Hurtado*, ¶ 10, 531 P.3d at 309 (quoting *Leners v. State*, 2022 WY 127, ¶ 12, 518 P.3d 686, 692 (quoting *Matter of NRAE*, 2020 WY 121, ¶ 12, 472 P.3d 374, 377 (Wyo. 2020))). "[T]o determine whether due process requirements apply, we must first determine the nature and substance of appellant's interest." *Dorman v. State*, 665 P.2d 511, 514 (Wyo. 1983) (citing *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

[¶18] Mr. Gosselin contends "[f]undamental fairness and due process principles" required the district court to comply with the language of the written Judgment and Sentence or, in the alternative, provide a legal justification for any departure. While he does not directly identify a protected interest in his brief, Mr. Gosselin appears to assert a protectable interest in a sentence reduction based on his view that the judgment and sentence contained a guarantee that his sentence would be reduced on his successful completion of the YOTP. "To obtain a protectable right of liberty a person must demonstrate more than an abstract need or desire for the right; he must have more than a unilateral expectation of it. Appellant

must have a legitimate claim of entitlement to a protectable right." *Dorman*, 665 P.2d at 514 (citing *Bd. of Regents*, 408 U.S. at 570–71, 92 S.Ct. at 2705–06).

[¶19] Without deciding that the assurances (as alleged by Mr. Gosselin), if made, arise to a protectible interest, we reiterate that the written judgment and sentence did not contain a commitment by the district court to reduce Mr. Gosselin's sentence. *Supra* ¶¶ 11–12. Mr. Gosselin asserts no other constitutionally protected right. *See Thomas v. Montgomery*, 140 F.4th 335, 337 (6th Cir. 2025) (inmates do not have constitutionally protected liberty interest in parole); *Castanon v. Cathey*, 976 F.3d 1136, 1140 (10th Cir. 2020) (due process claim must establish a deprivation of a property or liberty interest); *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019) ("requirements of procedural due process apply only to the deprivation of interests encompassed by the [constitutional] protection of liberty and property" and there is no constitutionally protected liberty interest in the place of confinement (quoting *Bd. of Regents*, 408 U.S. at 569, 92 S.Ct. at 2705)). Mr. Gosselin's due process claim fails.

### III. Did the district court's order denying Mr. Gosselin's motion for sentence reduction violate United States and Wyoming constitutional protections against double jeopardy?

[¶20] Mr. Gosselin also contends that the district court violated his Fifth Amendment to the United States Constitution and article 1, section 11 of the Wyoming Constitution protections against double jeopardy because, in denying his motion for sentence reduction, it effectively increased his sentence. This Court reviews de novo claims that constitutional restrictions against double jeopardy have been violated. *Patterson v. State*, 2013 WY 153, ¶ 27, 314 P.3d 759, 765 (Wyo. 2013) (de novo review of whether constitutional prohibition against double jeopardy had been violated); *Sweets v. State*, 2013 WY 98, ¶ 19, 307 P.3d 860, 867 (Wyo. 2013) (same).

[¶21] "The Fifth Amendment to the United States Constitution and art. 1, § 11 of the Wyoming Constitution guarantee that a person will not be placed twice in jeopardy for the same offense." *Pope*, ¶ 14, 38 P.3d at 1072 (citing *Vigil v. State*, 563 P.2d 1344, 1350 (Wyo. 1977)). The double jeopardy provisions of the United States and Wyoming Constitutions "have the same meaning and are coextensive in application." *Patterson*, ¶ 27, 314 P.3d at 765 (quoting *Moronese v. State*, 2012 WY 34, ¶ 7, 271 P.3d 1011, 1014 (Wyo. 2012)); *Pope*, ¶ 14, 38 P.3d at 1072 (quoting *Vigil*, 563 P.2d at 1350). The double jeopardy provisions protect people who have been acquitted of a crime against a second prosecution for the same offense, protect people who have been convicted of a crime against prosecution for the same offense, and protect against multiple punishments for the same offense. *Pope*, ¶ 14, 38 P.3d at 1072. The protection against multiple punishments "prevents a court from increasing a sentence, which is in all respects legal, after a defendant has begun serving it." *Patterson*, ¶ 27, 314 P.3d at 765 (emphasis omitted) (quoting *Moronese*, ¶ 9, 271 P.3d at 1014); *see also Warnick v. Booher*, 425 F.3d 842, 847 (10th

7

Cir. 2005) (double jeopardy provisions prohibit "greater punishment than the legislature intended" and "adjustments that upset a defendant's legitimate 'expectation of finality in his sentence'" (citations omitted)); *Hamilton v. State*, 2015 WY 39, ¶ 18, 344 P.3d 275, 283 (Wyo. 2015) (an increase in a "previously-imposed legal sentence" is "generally contrary to a defendant's right to be protected from double jeopardy").

[¶22]  Mr. Gosselin's double jeopardy argument, like his due process argument, rests on his contention that the district court's written judgment and sentence promised a reduction in his sentence upon his completion of the YOTP.  He avers that when the district court denied his motion for sentence reduction, it effectively increased the length of his sentence.[3]  The sentencing judge did not make a commitment to reduce Mr. Gosselin's sentence if he successfully completed the YOTP.  *Supra* ¶¶ 11–13.  Mr. Gosselin's sentence was not increased when the district court declined to reduce it.  His sentence was three to eight years in prison and remains unchanged after his unsuccessful motion for sentence reduction.  His double jeopardy claim fails.

## *CONCLUSION*

[¶23]  The district court did not abuse its discretion when it denied Mr. Gosselin's motion for sentence reduction.  Denying Mr. Gosselin's motion for sentence reduction did not violate his right to due process or double jeopardy principles under the United States and Wyoming Constitutions.  We affirm.

---

[3] Mr. Gosselin also asserts that he relied on a promised sentence reduction in the judgment and sentence in deciding not to appeal the underlying case.  If Mr. Gosselin chose not to appeal his sentence based on a belief that the district court had promised a sentence reduction, he did so at his own risk.  He had no reasonable expectation of a reduced sentence after completion of the YOTP.