2006 WY 102

**Jay D. HOUX, Appellant (Defendant),**

v.

**Kathy HOUX, Appellee (Plaintiff).**

**No. 05–260.**

Supreme Court of Wyoming.

Aug. 15, 2006.

Representing Appellant: James A. Eddington, Jones & Eddington Law Offices, Torrington, Wyoming.

Representing Appellee: Tracy L. Zubrod, Zubrod Law Office, P.C., Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Jay D. Houx (Husband) and Kathy Houx (Wife) were divorced in 2005. In dividing the marital property, the trial court awarded the marital home to Husband and

* Chief Justice at time of expedited conference.

ordered him to pay Wife for her share of the home. The trial court valued the marital home at $356,000—the midpoint between the amount of an unaccepted purchase offer made on the property and the appraised value. Husband appeals, claiming the district court abused its discretion in considering the purchase offer as evidence of the value of the home because the offer: 1) was not accepted by the parties; 2) violated the statute of frauds; and 3) was not introduced as evidence at trial. We affirm.

## ISSUES

[¶2] Husband states the issue for our consideration as follows:

Did the trial court abuse its discretion in its valuation of the parties' real estate by considering an offer to purchase real estate that:

1. was not accepted by either party;

2. violates the statute of frauds; and

3. was not offered nor accepted into evidence.

Wife states the issue as follows:

Did the district court properly distribute the marital property?

## FACTS

[¶3] Husband and Wife were married in 1981. In 1994, they purchased a home located at 216 East Cole Road in Wheatland, Wyoming, together with 154 acres of land. In 2004, Wife filed for divorce. Husband accepted service of the complaint for divorce and summons but did not file an answer. The trial court entered an entry of default. Two weeks later, the trial court entered a decree of divorce. In Husband's absence, the trial court accepted the values Wife placed on the property and her suggested division.[1] Husband filed a motion to set aside the default and for relief from the decree.[2] Following a hearing, the trial court ordered the default judgment set aside on the grounds Husband had now made an appearance and the divorce involved property of undetermined value requiring an evidentiary hearing prior to entry of a decree.

[¶4] In the meantime, Husband hired an appraiser to assess the value of the property. Husband's appraiser valued the home and 154 acres at $332,000. Wife also hired an appraiser. Based upon her understanding Husband might keep the home and twenty acres and sell the remainder of the property, she asked her appraiser to value only the home and twenty acres. He valued that portion of the property at $204,000.

[¶5] Husband then listed the property for sale in three different parcels: the east end consisting of eighty acres at $1,800 per acre (a total list price of $144,000); the west end consisting of forty acres at $3,000 per acre (a total list price of $120,000); and the entire 154 acres and the home at a total list price of $395,000. Husband quickly received a purchase offer of $380,000 for the entire property. Husband and Wife mutually agreed not to accept the offer because they did not agree with the contingencies placed on the offer.[3]

[¶6] Thereafter, the trial court held an evidentiary hearing on Wife's complaint for divorce. The parties presented evidence concerning the reasons for the divorce, their respective employment, retirement accounts, and life insurance policies, Husband's 401K, a time share in which Husband and Wife owned one-half interest, dental and vision insurance and the cost of the appraisals. From the record before us, it appears the

---

1. In the original decree, the trial court awarded the property to Husband, valued the property at $468,000, and subtracted from that value the outstanding mortgage of $212,000, resulting in a net equity figure of $256,000. The trial court divided the net equity in half and ordered Husband to pay Wife $128,000 for her equity in the property.

2. In his motion, Husband claimed he did not file an answer in reliance on Wife's counsel's statement in a letter to him that she would be for-warding to him a proposed settlement agreement.

3. The contingencies were: the dining room table would stay with the house; seller would complete a turbulent fountain; seller would provide for inspections on the home and sprinklers; seller would instruct the buyer on how to operate and repair the pivots; seller would repair the east end pivot; and, seller would instruct buyer concerning the septic system.

primary dispute concerned the value of the home and 154 acres of real property and how to equitably divide it between the parties. Husband and Wife appear to have reached substantial agreement as to how to divide other assets and liabilities within the marital estate.

[¶ 7] During the divorce trial, Wife called her appraiser to testify concerning his valuation of the home and twenty acres. She also introduced the written appraisal as an exhibit. Wife then called Husband to testify. Among other matters, he testified about listing the property for sale. He testified he determined the price at which each parcel was listed himself, and received offers on the property. When Wife's counsel asked him about the offers, Husband's counsel objected on relevance grounds, asserting offers had no bearing on the issue before the court. The trial court overruled the objection and Husband testified about the offers he received on the parcels, including the $380,000 offer for the entire property. Although Wife's counsel referred to a copy of the written purchase offer during her examination of Husband, she did not attempt to introduce it into evidence and the individuals who made the offer were not called to testify. The only evidence concerning the $380,000 purchase offer was the testimony of Husband and Wife.

[¶ 8] During his testimony, Husband stated he believed the minimum fair market value for the entire property was $332,000, the amount at which his appraiser valued the property. He stated he believed the maximum fair market value of the entire property was $395,000, the amount at which he listed the property.

[¶ 9] Wife testified and then rested her case. Husband called his appraiser who testified he valued the entire property at $332,000. Husband introduced a copy of the written appraisal as an exhibit. Husband testified he calculated the value of the entire property at $332,000 based upon the appraisal. From that amount he deducted the outstanding mortgage to arrive at a total equity of $102,258.38. Dividing that figure in half, he testified he believed the party's respective equity in the property was $51,129.19. From that amount, he deducted various expenses

he believed were attributable to Wife, resulting in a proposed payment to Wife of $33,507.67 to equalize the property distribution.

[¶ 10] In rebuttal, Wife's counsel recalled Wife to the witness stand and introduced as an exhibit a summary of Wife's computation of her equity in the property. Wife valued the property at $468,000, the combined total of the $204,000 appraisal of the house and twenty acres and Husband's list prices of $144,000 for the eighty acre parcel and $120,000 for the forty acre parcel. From the $468,000, she deducted the outstanding mortgage, divided the resulting figure by two and arrived at a figure of $128,000 for her equity in the property.

[¶ 11] In its ruling at the close of the evidence, the trial court valued the property at $356,000, the mid-point between the $380,000 purchase offer and the $332,000 appraisal value. From that figure, the district court deducted the outstanding mortgage and divided the resulting figure of $143,774.15 in half, *leaving* $71,887.07 in equity for each party. The trial court then deducted other expenses attributable to each party and arrived at a figure of $54,896.80 to be paid by Husband to Wife in exchange for Husband receiving the home and acreage. Husband appeals the property division, claiming evidence of the unaccepted purchase offer was not admissible.

## STANDARD OF REVIEW

[¶ 12] The disposition of marital property is committed to the sound discretion of the district court. *DeJohn v. DeJohn*, 2005 WY 140, ¶ 11, 121 P.3d 802, 807 (Wyo. 2005). In considering whether a district court abused its discretion, we ask whether the trial court could reasonably conclude as it did and whether or not any facet of its ruling was arbitrary or capricious. *Id.* We consider only the evidence in favor of the successful party, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Id.* We evaluate whether the trial court's property division is, in fact, equitable from the perspective of the overall

distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition. *DeJohn,* ¶ 12, 121 P.3d at 807–08. We do not disturb the division of property except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs. *Id.*

## DISCUSSION

[¶ 13] Husband contends the district court abused its discretion in considering the purchase offer as evidence of the value of the marital home. Citing *State Highway Comm'n v. Triangle Dev. Co.,* 369 P.2d 864, 868 (Wyo.1962), he asserts the law is clear that an offer to purchase is inadmissible for purposes of establishing value. Given this clear rule of law, Husband argues, the district court committed an error of law and thereby abused its discretion in considering the purchase offer as evidence of the property's value.

[¶ 14] In response, Wife asserts *State Highway Comm'n* was a condemnation case and the rule making purchase offers inadmissible to establish value applies only in that context. She further contends the district court did not abuse its discretion in considering the purchase offer given she had no input on the listing price and Husband believed the listing price represented fair market value. Additionally, she argues the district court may have appropriately discounted Husband's appraisal because the appraiser's report incorrectly stated the home had not been listed for sale in the last three years and may have relied on comparable sales over three years old. In any event, Wife contends, there was no abuse of discretion because the district court looked at a number of indications of value, not just the purchase offer.

[¶ 15] We begin our discussion with *State Highway Comm'n,* an eminent domain case in which the State Highway Commission condemned land belonging to Triangle Development Co. A jury was asked to determine the value of the property for purposes of compensating the owner for the condemned property. At trial, the district court admitted into evidence over the State's objection a written offer to purchase the property for a specified amount which the owner rejected. The State claimed on appeal it was error to admit the offer as evidence of value. We agreed, holding unaccepted offers to purchase land inadmissible to prove value in condemnation proceedings.

[¶ 16] In reaching this result, we adopted the view held by many courts that have considered the issue. As stated in Vitauts M. Gulbis, Annot., *Unaccepted Offer For Purchase of Real Property as Evidence of its Value,* 25 A.L.R.4th 571 (1983):

> Although it has been frequently held that the price at which property is bought and sold is admissible upon the issue of value, many courts have adopted the general view that evidence of unaccepted offers to purchase the property in question is not admissible as evidence of the property's value in condemnation cases ... and in other cases involving a question as to the property's value.... As support for this view, courts have noted the uncertain and speculative nature of testimony of offers to purchase, the hearsay problems associated with testimony relating to such offers, and the collateral nature of the issues raised in the course of evaluating an offer to purchase.

*Id.* at 575. We found this reasoning persuasive in *State Highway Comm'n* and we have adhered to the rule in subsequent condemnation cases. We have not, however, considered its application in other contexts.

[¶ 17] Courts that have considered the rule in other types of cases requiring property valuation have reached varying results. *See* Gilbus, Annot., 25 A.L.R.4th 571, §§ 4 and 8. Of the cases cited in the Annotation, only one involved a divorce proceeding. In *Elrod v. Elrod,* 517 S.W.2d 669 (Tex.1974), the court held without discussion that unaccepted offers to purchase a homestead tract were inadmissible. Other courts addressing the issue in other contexts have held to the contrary, usually allowing the evidence because the party making the offer testified at trial and was subject to cross-examination and the testimony showed the offer was not

speculative or ill-informed. *See Evans v. Sawtooth Partners,* 111 Idaho 381, 723 P.2d 925 (App.1986), where the court upheld admission of the evidence because the offerer testified in person, there was no hearsay or confrontation problem, the offer was detailed and accompanied by earnest money and there was no indication the offer was frivolous, speculative or ill-informed. *Evans* and other cases applying this reasoning are not helpful to the current analysis because in the instant case the individuals who made the offer on the Houx property did not testify at trial. For other reasons, however, we find no error of law or abuse of discretion in admission of the purchase offer and uphold its admission into evidence in the divorce trial. In reaching this result, we do not overrule *State Highway Comm'n.* We simply decline to apply the rule established there to the particular facts of this case.

[¶ 18] Our conclusion that the trial court did not abuse its discretion is based upon two interrelated factors. First, as will be explained more fully in the next paragraph, the particular facts of this case do not give rise to the same hearsay and speculation concerns that led to our holding in *State Highway Comm'n.* Second, our statutory scheme for distribution of marital property requires our courts to consider the respective merits of the parties in forming a distributive scheme appropriate to the particular circumstances of each individual case. Under the particular circumstances presented here, we find the trial court acted appropriately and within its discretion in considering each party's valuation of the property and weighing the merits of those valuations in forming a just and equitable disposition of the property. Inherent in that statutory balancing process is the task of weeding out frivolous, speculative and ill-informed claims.

[¶ 19] As mentioned in the preceding paragraph, we do not have the same hearsay or speculation concerns that we had in *State Highway Comm'n.* In the instant case, the party now claiming error in the admission of the testimony is the same party who listed the property for sale, determined the list price and listed the property at a price higher than the purchase offer which he claims the trial court erred in considering. Additionally, the party now claiming error is the same party who testified he believed the purchase offer was within the minimum and maximum range of the property's fair market value. Under our statutory scheme for the distribution of property in a divorce proceeding, this testimony was relevant and admissible.

[¶ 20] Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2005) provides:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

Regarding this provision, we have said:

> The division of marital property is within the trial court's sound discretion, and we will not disturb that division absent an abuse of discretion. A just and equitable distribution is as likely as not to be unequal. We evaluate whether the trial court's property division is, in fact, equitable from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition. From that perspective, we afford the trial court considerable discretion to form a distributive scheme appropriate to the particular circumstances of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion. The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position that the

appellate court to judge the parties' respective merits and needs.

*Sweat v. Sweat,* 2003 WY 82, ¶ 6, 72 P.3d 276, 278(Wyo.2003).

[¶ 21]   As set forth in detail in the fact section above, the trial court had before it evidence of an appraisal valuing the property at $332,000.   It also had before it evidence showing Husband listed the property for $395,000 and believed that amount represented the maximum fair market value of the property.   Evidence was also presented that Husband received an offer on the property of $380,000.   In addition to this evidence, the trial court heard testimony from Wife showing she valued the property at $468,000 based in part on Husband's list price for two of the parcels.   The trial court also heard testimony concerning the parties' respective employment, earnings, retirement accounts, insurance policies, a 401K, a time share and other assets and liabilities.   Finally, the trial court heard testimony and considered exhibits reflecting each party's calculations of the amount Husband owed Wife in exchange for keeping the marital home and acreage.   Wife presented the figure of $128,000.00;   Husband presented the figure of $33,507.67.

[¶ 22]   The trial court considered all of this evidence in an effort to arrive at a "just and equitable" distribution, "having regard for the respective merits of the parties and the condition in which they [would] be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party."   Section 20–2–114.   Based upon the testimony and evidence presented, the trial court determined Husband owed Wife $54,896.80 in exchange for receiving the home and real property—$73,103.32 less than Wife requested and $21,389.13 more than Husband claimed he should be required to pay.

[¶ 23]   We have said:

[W]ith respect to the valuation of marital assets, trial courts must exercise discretion and adjudicate marital property dispositions on a case-by-case basis using the best possible valuation method appropriate for that particular case.

*Wallop v. Wallop,* 2004 WY 46, ¶ 5, 88 P.3d 1022, 1024 (Wyo.2004).

Moreover, issues of credibility and the weight to be given to testimony are matters to be resolved by the trier of fact, not an appellate court.  ·Thus, we may not substitute our judgment for that of a trial court with respect to issues concerning credibility.

*Id.,* ¶ 10, 88 P.3d at 1025.

We are not convinced that it is appropriate, let alone prudent, to tie the hands of the trial courts in their efforts to comply with the statute and make a just and reasonable division of property.   Each divorce case is different, and we believe the longstanding rule which affords the trial court broad discretion .... is the appropriate one.   This court has recognized on numerous occasions the importance in allowing a trial court broad discretion in determining what is just and reasonable in the division of marital property.

*Id.,* ¶ 12, 88 P.3d at 1027.   We hold the trial court did not abuse its discretion in considering evidence concerning the unaccepted purchase offer.

[¶ 24]   Husband also claims the admission of evidence concerning the purchase offer violated the statute of frauds.   Section § 1–23–105(a)(v) provides:

(a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charge therewith:

* * *

(v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year.

This statute comes into play to prevent enforcement of an unwritten agreement.   It has no bearing here where no one is seeking to enforce the purchase offer.

[¶ 25]   Husband also argues the trial court abused its discretion in considering the testimony about the purchase offer when no documentary evidence of the offer was introduced for the court's consideration.   He argues his appraisal was the only admissible evidence of value introduced, that evidence

showed the property value was $332,000, and the trial court was limited to consideration of admissible evidence in determining the property value. Husband's testimony concerning the $380,000 purchase offer was undisputed. Had Husband or Wife contested the existence or amount of the purchase offer, documentary evidence would have been helpful and may have been given greater weight than the testimony. The issue of documentary versus oral testimony is one of weight, not of admissibility. The district court did not err in considering the oral testimony. Under the circumstances, there was no requirement that Husband's testimony be supported by documentary evidence.

[¶ 26] Affirmed.