2008-NMSC-034

188 P.3d 1147

Larry G. SOMMERVILLE,
Jr., Worker–Petitioner,

v.

SOUTHWEST FIREBIRD and Builder's
Trust, Employer–Insurer–
Respondents.

No. 30,497.

Supreme Court of New Mexico.

April 9, 2008.

Rehearing Denied June 19, 2008.

Patrick Larkin Fogel, Albuquerque, NM,
for Petitioner.

Paul L. Civerolo, Albuquerque, NM, for
Respondents.

## OPINION

CHÁVEZ, Chief Justice.

{1} After being injured at work, Larry G. Sommerville, Jr. (Worker), entered into a lump sum settlement agreement with Southwest Firebird and Builders Trust (Employer/Insurer). The lump sum settlement agreement was made pursuant to NMSA 1978, Section 52–5–12(B) (2003) of the Workers' Compensation Act (the Act), and is known as a lump sum payment after a return to work. This type of lump sum payment is one of two lump sum payment provisions under the Act. Worker is seeking to have the lump sum settlement agreement set aside.

His argument on appeal is that when an employer/insurer solicits a lump sum payment from an unrepresented worker, the employer/insurer and the workers' compensation judge (WCJ) have a duty to inform the worker of his or her options under the Act. We conclude that, under the Act, the WCJ has an affirmative duty to ensure that a worker understands the lump sum settlement agreement into which he or she is entering. In this case, there is nothing to indicate that the WCJ performed this statutory duty. Thus, the WCJ's approval of the lump sum settlement was not done pursuant to the the the Act's requirements and is unenforceable. The Court of Appeals and the district court are reversed.

## I. BACKGROUND

{2} Worker injured his back working in a warehouse while employed by Southwest Firebird. He subsequently received a letter from Employer/Insurer informing him that he was entitled to receive weekly Permanent Partial Disability (PPD) benefits. The letter also informed him that he could ask to receive the PPD benefits in a lump sum payment, reduced to present-day value, if he had been back at work for at least six months and was earning at least eighty percent of his pre-injury wages. The type of lump sum payment referenced in the letter is one of two lump sum payment options under Section 52–5–12 of the Act, and is known as a lump sum payment after a return to work. Worker subsequently filed a petition for lump sum payment based on a return to work. The WCJ approved the petition without holding a hearing. Worker was not represented by counsel during the course of these actions.

{3} After receiving the lump sum payment, Worker began to have back pain again and was advised by his doctor that he would eventually need back surgery. Worker then consulted an attorney and was informed that the lump sum payment based on return to work foreclosed any future disability payments for his back injury. He

was also informed that the alternative type of lump sum payment under Section 52–5–12(C), known as a lump sum payment based on debt, would not have foreclosed future disability payments. Worker then filed a complaint with the Workers' Compensation Administration, arguing that the lump sum settlement should be set aside because Employer/Insurer breached its duty to inform him of his options under the Act. The WCJ granted partial summary judgment in favor of Employer/Insurer, finding that Employer/Insurer did not have a duty to advise Worker of his options under the Act.[1]

{4} On appeal, Worker argues that both an employer/insurer and a WCJ have a duty to inform workers of their options under the Act when entering into a lump sum settlement agreement. The Court of Appeals focused on Worker's argument regarding an employer/insurer's duty in this context and affirmed the WCJ's order, finding that an employer/insurer does not have a fiduciary duty to a worker when entering into a settlement agreement. We granted Worker's petition for writ of certiorari and reverse. Because we find that, under the express provisions of the Act, the WCJ had an affirmative duty to ensure Worker understood the lump sum settlement agreement, we do not address the argument regarding an employer/insurer's duty in this context.

## II. DISCUSSION

{5} Summary judgment may be granted " 'if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.' " *McGarry v. Scott*, 2003–NMSC–016, ¶ 5, 134 N.M. 32, 72 P.3d 608 (quoted authority omitted). This Court reviews a summary judgment ruling de novo. *Id.* In this case, Worker does not contend that there are material issues of fact that foreclose summary judgment. Rather, we are called upon to determine if, as a matter of law, either Employer/Insurer and/or the WCJ breached a duty owed to Worker.

---

1. Worker's complaint sought relief for indemnity benefits, medical benefits, and mileage. Employer/Insurer's motion for partial summary judgment only related to indemnity benefits. Thus, the WCJ's order granting partial summary judgment only barred Worker from receiving further indemnity benefits.

{6} The Act's express policy is that it is in an injured worker's best interest to receive workers' compensation benefits on a periodic basis, rather than in a lump sum. Section 52–5–12(A). The two exceptions to this policy are set out in Sections 52–5–12(B) and (C). Both sections allow a worker, with the approval of a WCJ, to elect to receive a lump sum payment under specified circumstances. Section 52–5–12(B) permits a worker to elect to receive a lump sum payment award if he or she has returned to work for at least six months and is earning at least eighty percent of his or her pre-injury wage. Section 52–5–12(C) permits a worker who has reached maximum medical improvement to elect to receive a partial lump sum payment for the sole purpose of paying debts that have accumulated during the worker's period of disability.

{7} Lump sum payments are disfavored because they create a financial risk for the worker. *Cabazos v. Calloway Constr.*, 118 N.M. 198, 201, 879 P.2d 1217, 1220 (Ct. App.1994). Payment of disability benefits in a lump sum " 'creates a risk that the worker will need to rely on [public benefits] during the time that periodic disability payments would otherwise be available.' " *Id.* (quoting *Riesenecker v. Ark. Best Freight Sys.*, 110 N.M. 654, 655, 798 P.2d 1040, 1041 (Ct.App. 1990), *vacated on other grounds*, 110 N.M. 451, 796 P.2d 1147 (Ct.App.1990)). Sections 52–5–12(B) and (C) reflect situations where there is less concern for such a risk.

> A worker who qualifies for a lump sum under Subsection B is earning a wage close to what the worker was earning prior to the injury, so there is a markedly lower risk that the worker will need to rely on [public benefits].... Subsection C, on the other hand, deals with the exceptional case when a lump-sum payment, rather than periodic payment, may be necessary to avoid extreme hardship.

*Cabazos*, 118 N.M. at 201, 879 P.2d at 1220. Thus, the restrictions on lump sum payments reflect the Act's policy in this area, which focuses on the injured worker's best interest.

{8} The WCJ plays an integral role in ensuring that the Act's policy regarding lump sum settlements is preserved. The Act requires that every lump sum settlement agreement entered into between a worker and an employer be presented to a WCJ for approval. NMSA 1978, § 52–5–13 (1989). The WCJ is required to consider all material circumstances surrounding the lump sum settlement agreement, and if the WCJ finds the agreement to be "fair, equitable and consistent with provisions of the ... Act ... he [or she] shall approve the agreement by order." NMSA 1978, § 52–5–14(A) (1990); *see also Paradiso v. Tipps Equip.*, 2004–NMCA–009, ¶ 31, 134 N.M. 814, 82 P.3d 985. Additionally, the WCJ has an affirmative duty to ensure that the worker understands the lump sum settlement. The Act provides that "[t]he workers' compensation judge shall in every case assure that the worker ... understand[s] the terms and conditions of the proposed settlement, and he [or she] may require a hearing for that purpose." Section 52–5–13. The importance of the WCJ's duty when approving lump sum agreements has been addressed by our Court of Appeals:

> Approval by a WCJ in strict accordance with the requirements of Sections 52–5–13 and –14(A) is necessary to ` assure adherence to the policies established by the Legislature favoring periodic payments over lump sum payments, requiring careful effort to assure that a worker ... understand[s] the consequences of replacing periodic payments with a discounted lump sum amount, and assuring that the settlement is fair, equitable, and consistent with the Act.

*Paradiso*, 2004–NMCA–009, ¶ 31, 134 N.M. 814, 82 P.3d 985.

{9} Lump sum agreements that do not follow the express requirements of the Act are not enforceable. *Id.* ¶ 29. In *Paradiso*, our Court of Appeals found a lump sum agreement to be unenforceable because it was not approved by a WCJ, as required under the Act. *Id.* ¶ 32. Even though the parties in that case entered into an otherwise enforceable oral lump sum settlement agreement, there was no evidence that a WCJ approved the lump sum agreement as strictly required under the Act. *Id.* ¶ 29. Thus, the lump sum settlement was not enforceable. *Id.* ¶ 31.

{10} In the case before us, there is nothing in the record to indicate that the WCJ did anything to ensure that Worker understood the lump sum settlement agreement. The record shows that, after Worker was injured, Employer/Insurer sent him a letter informing him of his disability benefits and advising him that he could request a lump sum payment based on Section 52–5–12(B). A petition for lump sum settlement was subsequently filed, and the WCJ entered an order approving the settlement. In his order, the WCJ included the language "Worker understands that this Lump Sum reflects payment and resolution of all indemnity claims." However, without any other indication that the WCJ fulfilled his affirmative duty to make sure that Worker understood all the terms and conditions of the settlement agreement, such pro forma language is insufficient to satisfy the WCJ's statutory duty.

{11} The WCJ was required to assure that Worker understood the lump sum settlement he was entering into. The necessity of this assurance is even more important, as in this case, when a worker is not represented by counsel. The focus of Section 52–5–12, the section of the Act dealing with lump sum settlements, is on the worker's best interest. The WCJ's duty is therefore essential to upholding the express policy of Section 52–5–12, especially when a worker does not have an advocate. The WCJ did not follow the express requirements of the Act and, as such, the lump sum agreement is unenforceable.

{12} The Court of Appeals recently addressed Section 52–5–12(B) in *Benny v. Moberg Welding*, 2007–NMCA–124, 142 N.M. 501, 167 P.3d 949. In *Benny*, the Court of Appeals held that "the general language of Section 52–5–12(B) is not enough to cut off all modification remedies." *Id.* ¶ 10. Thus, even though Section 52–5–12(B) provides that "[i]f a worker receives his [or her] benefit income in a lump sum, he [or she] is not entitled to any additional benefit income for the compensable injury or disablement," a worker may still later seek disability benefits if he or she suffers a worsening of his or her medical condition. The Court of Appeals recognized that the limitation on additional benefit income referenced in Section 52–5–

12(B) applies "only to the '*compensable injury or disablement*' as it exists as of the time the lump sum is paid." *Benny*, 2007–NMCA–124, ¶ 7, 142 N.M. 501, 167 P.3d 949 (quoted authority omitted). Additionally, other provisions of the Act specifically authorize the WCJ to review and modify a previous decision if circumstances change. *Id.* ¶ 8 (citing NMSA 1978, §§ 52–5–9(A) and 52–1–56 (1989)).

{13} We are aware that under *Benny*, which was not decided when Worker filed his complaint with the Workers' Compensation Administration, Worker could argue that his back injury has worsened, and thus he may be eligible to receive additional disability benefits for his changed condition. However, just because a worker may be able to receive additional disability benefits after entering a lump sum agreement does not relieve the WCJ of his statutory duty to ensure that a worker only enter a lump sum agreement if he or she understands the consequences of doing so. We see *Benny* as further evidence of the disfavor in which lump sum settlements are held. Even though lump sum settlements are allowed in certain circumstances, *Benny* reaffirms that a worker's best interest will be at the forefront when dealing with lump sum settlements. The WCJ must therefore play an active role in the approval of lump sum settlements.

## III. CONCLUSION

{14} For the foregoing reasons, we reverse the Workers' Compensation Administration and the Court of Appeals. This case is remanded to the Workers' Compensation Administration for proceedings consistent with this Opinion.

{15} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, PETRA JIMENEZ MAES, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.