2012 WY 90

**Michael PATTERSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S-11-0246.

Supreme Court of Wyoming.

June 26, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Michael Patterson claims that the sentence he is serving for a conviction of accessory to second degree murder is illegal. We agree. We will reverse the district court's decision and remand for resentencing.

### ISSUE

[¶ 2] Mr. Patterson presents a single issue: Did the district court err by reinstituting an illegal sentence? The State raises a different issue: Is Mr. Patterson's claim barred from review under the doctrine of *res judicata?*

### FACTS

[¶ 3] Mr. Patterson was convicted in 2006 as an accessory before the fact to second degree murder. Wyo. Stat. Ann. § 6–2–104 (LexisNexis 2005) imposes a minimum sentence of 20 years for this crime. During the sentencing hearing, the State asked for a sentence of 20–25 years, while the defense argued for probation. Citing the statutory minimum sentence, the district court said, "I feel my hands are somewhat tied," and imposed a sentence of 20–22 years. A written Judgment and Sentence was entered on August 24, 2006.

[¶ 4] Less than a month later, the State filed a "Motion for Correction of Sentence" in

Mr. Patterson's case. The motion cited Wyo. Stat. Ann. § 7–13–201, which requires that the minimum sentence be no greater than 90% of the maximum. It asked to change the original sentence of 20–22 years to a sentence of 240–267 months, adding three months to the maximum sentence. The district court granted the motion the day after it was filed, and imposed a new sentence of 240–267 months.

[¶ 5]   The State's motion did not include a certificate of service. Handwriting at the bottom of the district court's order suggests that a copy was sent to Mr. Patterson's trial counsel. However, the next document in the record is a copy of the order stapled to an envelope addressed to Mr. Patterson's trial counsel. The envelope is stamped "NOT DELIVERABLE AS ADDRESSED UN-ABLE TO FORWARD RETURN TO WRITER." Mr. Patterson's trial counsel had moved to withdraw as counsel by this time, and indicated that the appeal would be handled by the Public Defender's Office. There is, however, no indication that either the motion or the order was sent to the Public Defender.

[¶ 6]   Approximately a year and a half after Mr. Patterson was sentenced, the Defender Aid Program of the University of Wyoming Law School filed a motion to reduce his sentence. The motion cited Mr. Patterson's lack of prior criminal history and his exemplary behavior in prison. The motion requested that the remainder of Mr. Patterson's 20–22 year sentence be suspended in favor of probation. On the basis that more than a year had passed since sentencing, the district court denied the motion as untimely under W.R.Cr.P. 35(b).

[¶ 7]   Approximately one year later, the Defender Aid Program filed another motion to reduce Mr. Patterson's sentence. It presented essentially the same arguments as the first motion, and again asked to suspend the remainder of Mr. Patterson's 20–22 year sentence in favor of probation. By this time, the district court judge who originally sentenced Mr. Patterson had left the bench. The new district court judge found that this motion was timely because it was filed less than one year after the Supreme Court's decision in

Mr. Patterson's appeal, *Patterson v. State*, 2008 WY 33, 179 P.3d 863 (Wyo.2008). The district court nonetheless denied the motion to reduce Mr. Patterson's sentence.

[¶ 8]   A year and a half later, Mr. Patterson filed a *pro se* Motion to Correct Illegal Sentence. He contended that a sentence of 20–22 years was illegal because it violated the requirement of Wyo. Stat. Ann. § 7–13–201 that the minimum be no more than 90% of the maximum. He asserted that his sentence could not be legally increased after he had begun serving it, and proposed a new sentence of 19–22 years.

[¶ 9]   Four months later, Mr. Patterson filed an Amended Motion to Correct Illegal Sentence. All of the previous post-sentencing pleadings filed by or on behalf of Mr. Patterson had recited that his sentence was 20–22 years. This amended motion was the first to recognize that his sentence had been increased to 240–267 months. Mr. Patterson argued that the increase in his sentence violated his rights against double jeopardy, and further, violated his rights to due process because the sentence was increased without notice to him and without an opportunity for a hearing.

[¶ 10]   The Public Defender's Office was appointed to represent Mr. Patterson, and it filed a supplemental motion and brief on his behalf. This motion presented essentially the same arguments as Mr. Patterson, but added that when the district court originally sentenced Mr. Patterson, it failed to state that it had considered probation as a potential sentence. The motion asserted that this violated the rule announced in *Trumbull v. State*, 2009 WY 103, ¶ 16, 214 P.3d 978, 982 (Wyo.2009).

[¶ 11]   After a hearing, the district court set aside the previous order increasing Mr. Patterson's sentence from 20–22 years to 240–267 months, and reinstated the original sentence of 20–22 years. Although the written order does not explain the decision, the district court provided an oral explanation during the hearing:

> I think that the order correcting sentence to increase Mr. Patterson's sentence [by] three months was absolutely improper. I

don't think that there is any justification for that whatsoever. You can't just on a motion enter a corrected sentence and increase someone's period of incarceration for all kinds of reasons: Due process concerns, double jeopardy, et cetera.

Now, the way it was done is what concerns me the most at this point in time; but I think it is void. And I think that particular order just has to be set aside. So then I think that drops you back to the 20– to 22–year sentence which he originally imposed.

The district court acknowledged that this original sentence was technically illegal because the minimum exceeded 90% of the maximum. It noted, however, that the minimum sentence was only "90.09 percent rather than 90 or less" of the maximum sentence. The district court characterized this as a "small deviation," and concluded that "the original sentence was not illegal because it substantially complied" with the statute. Mr. Patterson appealed the district court's order.

### STANDARD OF REVIEW

[¶ 12] We apply the standard of review set forth in *Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo.2010), quoting from *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898–99 (Wyo.2009):

Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo.2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

### DISCUSSION

[¶ 13] There are two distinct parts of the district court's order now under review.

First is its setting aside of Mr. Patterson's second sentence of 240–267 months. Second is its reimposition of a sentence of 20–22 years. We will address each part in turn.

[¶ 14] The order increasing Mr. Patterson's sentence from 20–22 years to 240–267 months was entered without notice to Mr. Patterson, and without an opportunity for him to be heard.

Both the United States and Wyoming constitutions provide that no person may be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Wyo. Const. art. 1, § 6. To be constitutionally valid, the court issuing the order must have acted in a manner consistent with due process. Due process requires that the litigants be afforded both notice and a meaningful opportunity to be heard. *Murray v. Murray*, 894 P.2d 607, 608 (Wyo.1995) (*citing Sandstrom v. Sandstrom*, 880 P.2d 103, 106 (Wyo.1994)).

*Joyner v. State*, 2002 WY 174, ¶ 9, 58 P.3d 331, 335 (Wyo.2002).

[¶ 15] The record in this case makes it plain that Mr. Patterson did not receive notice of the State's motion to change his sentence. The State's motion did not include a certificate of service. There is no indication that it was served on Mr. Patterson, his trial counsel (who had already filed a motion to withdraw), or the Public Defender's Office (which represented Mr. Patterson on appeal). Although there was an attempt to serve the order on Mr. Patterson's trial counsel, that attempt failed. Furthermore, the district court granted the State's motion one day after it was filed, without holding a hearing. Even if Mr. Patterson or one of his counsel had received notice of the motion, there was no meaningful opportunity for him to be heard in response to the motion.

[¶ 16] A sentence is illegal if it violates the constitution. *In re CT*, ¶ 8, 140 P.3d at 646. Mr. Patterson's sentence of 240–267 months was illegal because it was imposed without notice or an opportunity for hearing.[1]

---

1. Mr. Patterson also asserts a violation of his rights against double jeopardy because the sentence was increased after he had already begun serving it. We recently rejected this same argument in *Moronese v. State*, 2012 WY 34, 271 P.3d

The district court was correct in setting it aside. *See Endris,* ¶ 22, 233 P.3d at 583.

[¶ 17] The second part of the district court's order is its reinstatement of the original sentence of 20–22 years. Wyo. Stat. Ann. § 7–13–201 provides as follows:

> Except where a term of life is required by law, or as otherwise provided by W.S. 7-13-101, when a person is sentenced for the commission of a felony, the court imposing the sentence shall not fix a definite term of imprisonment but shall establish a maximum and minimum term within the limits authorized for the statute violated. The maximum term shall not be greater than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed.

Mr. Patterson's minimum term of 20 years is greater than ninety percent of his maximum term of 22 years. This violates the statute, and the sentence is illegal. *In re CT,* ¶ 8, 140 P.3d at 646.

[¶ 18] The district court reasoned that Mr. Patterson's sentence "substantially complied" with the statute because 20 years is "90.09 percent" of 22 years, just barely exceeding the statute's ninety percent mandate. However, the statute is clear and unambiguous, and "we are bound by the plain language of the statute." *Plymale v. Donnelly,* 2007 WY 77, ¶ 25, 157 P.3d 933, 939 (Wyo.2007). Because Mr. Patterson's sentence of 20–22 years does not comply with the statute, it must be set aside.

[¶ 19] We have set aside the sentence of 240–267 months because it was imposed without notice or opportunity for hearing. We have also rejected the 20–22 year sentence as contrary to Wyo. Stat. Ann. § 7–13–201. There remains no valid sentence in Mr. Patterson's case, and we must therefore remand

to the district court so that Mr. Patterson may be sentenced anew.

[¶ 20] Mr. Patterson also contends on appeal that the district court's original sentencing order did not state that probation was considered. He claims that this was contrary to the requirement set forth in *Trumbull,* ¶ 16, 214 P.3d at 982:

> The rule we adopt today requires that the district court meaningfully adhere to the requirement that probation be considered as an alternative sentence in accordance with the governing rule and our many precedents on that subject (excepting cases punishable by death, life without parole, or a life sentence). Failure to express that plainly in the written sentence will result in reversal of the sentence.

Because we have already determined that Mr. Patterson's original sentence was illegal, we do not need to resolve this contention. We mention it only to point out that the *Trumbull* rule will apply when Mr. Patterson is resentenced. We also observe that Mr. Patterson remains subject to the minimum twenty-year sentence mandated by Wyo. Stat. Ann. § 6–2–104, but that Wyo. Stat. Ann. § 7–13–302 allows probation in all cases "except crimes punishable by death or life imprisonment."[2] On resentencing, the district court may consider probation for Mr. Patterson, and under *Trumbull,* must state that it has done so.

[¶ 21] Finally, we turn to the State's position in this case. The State does not dispute that Mr. Patterson's original sentence of 20–22 years was illegal. In fact, the State cited noncompliance with Wyo. Stat. Ann. § 7–13–201 as the basis for its original motion to correct Mr. Patterson's sentence. The State also concedes that Mr. Patterson's second sentence was entered without notice or an opportunity for hearing. The State's sole contention on appeal is that *res judicata* precludes Mr. Patterson from challenging the legality of his sentence.

---

1011 (Wyo.2012), and decline to reconsider it now.

**2.** We have held "that probation may be granted for crimes which have a *minimum* term of less than life imprisonment." *State v. Knapp,* 739 P.2d 1229, 1230 (Wyo.1987) (emphasis added). Although the maximum penalty for second degree murder is life imprisonment, the minimum term is twenty years, so a person convicted of second degree murder is eligible for probation.

[¶ 22] The State recognizes that W.R.Cr.P. 35(a) allows a court to "correct an illegal sentence at any time." It asserts, however, that claims of an illegal sentence remain subject to the doctrine of *res judicata*.

We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*. *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006). We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so. *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo.1997); *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000); *Gould [v. State*, 2006 WY 157], ¶ 16, 151 P.3d [261,] 266 [ (Wyo.2006) ].

*McDaniel [v. State,]* 2007 WY 125, ¶ 9, 163 P.3d [836,] 838 [ (Wyo.2007) ]. If a party fails to "show good cause why the issue was not raised at an earlier opportunity, the court may decline to consider the issue." *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo.1997).

*Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo.2010). The State points out that Mr. Patterson could have challenged his sentence in his first appeal, but did not do so. *Patterson*, 179 P.3d 863. It claims that *res judicata* therefore precludes him from challenging his sentence now.

[¶ 23] We conclude that Mr. Patterson's appeal is not barred by *res judicata*. He appealed the reimposed sentence of 20–22 years in a timely manner. *Res judicata* does not bar that claim. He did not appeal the corrected sentence of 240–267 months. He had no notice of that sentence, however, and we are satisfied that this lack of notice constituted "good cause" for failing to challenge it. He did not appeal his original sentence of 20–22 years. However, that sentence had been amended and was not in effect during the time of Mr. Patterson's direct appeal. As stated in *Cooper*, when *res judicata* ap-

plies, "the court *may* decline to consider the issue." *Id.*, ¶ 6, 225 P.3d at 1072 (emphasis added). We may also exercise our discretion to consider the issue in an appropriate case. This is such a case.

### CONCLUSION

[¶ 24] We agree with the district court that Mr. Patterson's sentence of 240–267 months was illegal and must be set aside. We also conclude that the reinstituted sentence of 20–22 years is illegal, and must set it aside as well. We therefore reverse the district court's decision and remand to the district court so that Mr. Patterson may be resentenced.