# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 153

OCTOBER TERM, A.D. 2013

December 18, 2013

MICHAEL ANTONIO PATTERSON,

Appellant
(Defendant),

v.                                                      S-13-0018

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Thomas T.C. Campbell, Judge

*Representing Appellant:*
　　Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina
　　N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate
　　Counsel.

*Representing Appellee:*
　　Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney
　　Gerneral; Jeffrey Pope, Assistant Attorney General; Brenda Yamaji, Assistant
　　Attorney General.

**Before KITE, C.J., HILL, VOIGT, BURKE, JJ., and FENN, D.J.**

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building,
Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made
before final publication in the permanent volume.

**FENN**, **District Judge.**

[¶1]    This is Michael Patterson's third appearance before this Court.  On his first appeal his conviction was affirmed, but he did not challenge his sentence.  On his second appeal this Court determined that Appellant's sentence was illegal, and remanded the case to the district court for resentencing.  Appellant returns to this Court to challenge the Amended Judgment and Sentence issued by the District Court for the First Judicial District following remand.  We affirm.

## ISSUES

[¶2]    Appellant phrases the issues as follows:

> 1.  Have Michael Patterson's constitutional due process rights been violated by the failure of the trial court to afford Mr. Patterson a timely and speedy sentencing?
>
> 2.  Is Michael Patterson being held under an illegal sentence?
>
> 3.  Has the trial court erred by subjecting Michael Patterson to double jeopardy in violation of the principles of constitutional due process?

The State raises a fourth issue:

> Are Mr. Patterson's speedy sentencing and double jeopardy claims barred by *res judicata*?

## FACTS

[¶3]    On May 18, 2006, Appellant was convicted of being an accessory before the fact to second degree murder, an offense that carries a mandatory minimum sentence of twenty (20) years.[1]   About four months later, Appellant was sentenced to a term of twenty to twenty-two years,[2] with credit for 301 days already served.  That sentence violated Wyo. Stat. Ann. § 7-13-201 (LexisNexis 2011), because the minimum sentence exceeded 90% of the maximum sentence.[3]   On September 20, 2006, a little over one month after Appellant's sentence was imposed, the State filed a motion to correct this

---

[1] The facts of the underlying offense are set out in *Patterson v. State*, 2008 WY 33, 179 P.3d 863 (Wyo. 2008), and will not be repeated here.
[2] A sentence of twenty to twenty-two years equates to a sentence of 240-264 months.
[3] The minimum sentence was in fact 90.9% of the maximum sentence.

1

illegal sentence by increasing the maximum term by three months, giving him a sentence of 240-267 months. Although this motion was not properly served on the Appellant or his counsel, an order increasing Appellant's sentence was signed by Judge Kalokathis the following day without giving Appellant any notice or an opportunity to respond. Appellant timely appealed his conviction, but did not raise any sentencing issues. His conviction was affirmed. *Patterson v. State*, 2008 WY 33, 179 P.3d 863 (Wyo. 2008) (*Patterson I*).

[¶4]    On February 19, 2008, about a year and a half after he was originally sentenced, the Appellant filed a motion to reduce his sentence. Judge Kalokathis denied this motion as untimely under W.R.Cr. P. 35(b). On March 16, 2009, Appellant filed another motion for a sentence reduction. This motion was reviewed by Judge Davis, and although he found it to be timely filed, he nonetheless denied the motion. Neither of these motions recognized that Appellant's sentence had been increased, nor did they raise any speedy sentencing issues.

[¶5]    On November 24, 2010, almost four years after he was originally sentenced, Appellant filed a motion to correct illegal sentence. He contended that his sentence of twenty to twenty-two years violated Wyo. Stat. Ann. § 7-13-201, because the minimum sentence was more than 90% of the maximum sentence. He also asserted that this illegal sentence could not legally be corrected by increasing his sentence after he had begun serving it. Accordingly, he proposed a new sentence of nineteen to twenty-two years. On March 7, 2011, Appellant filed an amended motion to correct illegal sentence, recognizing for the first time that his sentence had already been increased to 240-267 months without notice or an opportunity to be heard. He argued that this increase violated his constitutional due process and double jeopardy rights, and as a remedy, the rest of his sentence should be suspended. Appellant also filed a supplemental brief arguing that the district court erred in the original sentence because it failed to state that it had considered probation as a possible sentence, which violated the rule announced in *Trumbull v. State*, 2009 WY 103, ¶ 16, 214 P.3d 978, 982 (Wyo. 2009).

[¶6]    After a hearing presided over by Judge Davis, the order increasing Appellant's sentence was set aside, and his original sentence was reinstated. Judge Davis reasoned that the original sentence could be reimposed, because it substantially complied with the sentencing statute. Appellant timely appealed the order reinstating his original sentence, but he did not raise any speedy sentencing issues.

[¶7]    In *Patterson v. State*, 2012 WY 90, ¶ 16, 279 P.3d 535, 538 (Wyo. 2012) (*Patterson II*), this Court agreed that the increased sentence of 240-267 months should have been set aside, because it was illegal and had been imposed without notice and an opportunity for hearing. This Court also found that the original sentence of twenty to twenty-two years was also illegal and could not be reimposed, because it violated the clear language of the sentencing statute. *Id.* at ¶ 17, 279 P.3d at 539. The Court declined

2

to address Appellant's double jeopardy claim, noting that the issue had already been decided in another case. *Id.* at n. 1 (citing *Moronese v. State*, 2012 WY 34, 271 P.3d 1011 (Wyo. 2012)). Appellant's sentence was vacated, and the case was remanded to the district court for resentencing. *Id.* at ¶ 24, 279 P.3d at 540. The district court was also advised that it needed to comply with *Trumbull* by indicating that it had considered probation as a possible sentence. *Id.* at ¶ 20, 279 P.3d at 539.

[¶8] On remand, the case was assigned to Judge Campbell. A resentencing hearing was held on August 10, 2012, approximately one month after the case was remanded. At that hearing, Appellant raised the speedy sentencing issue for the first time. On August 15, 2012, Judge Campbell issued an Order Denying Relief, with respect to the speedy sentencing issue. Finally, on August 24, 2012, another resentencing hearing was held at which time the district court imposed a new sentence of 240-267 months with credit for time served. This appeal followed.

## DISCUSSION

### A. *Res judicata*

[¶9] We will first address the State's argument that Appellant's claims are barred by *res judicata*. The State contends that Appellant could have raised the speedy sentencing issue in either of his motions to correct an illegal sentence or his second appeal. The State argues that the Court should not consider the speedy sentencing claim because it was not raised at any of these times, and the Appellant has offered no excuse for not raising the issue.

[¶10] *Res judicata* bars the relitigation of issues that were determined in a prior proceeding. *Martinez v. State*, 2007 WY 164, ¶ 15, 169 P.3d 89, 92 (Wyo. 2007). Four factors are used to determine whether the doctrine applies: "(1) identity of the parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both subject matter and the issues between them." *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo. 2012).

[¶11] The litigation of issues that could have been raised in an earlier proceeding may also be barred by *res judicata* if a party fails to show good cause for not raising the issue. *Gould v. State*, 2006 WY 157, ¶ 16, 151 P.3d 261, 266 (Wyo. 2006); *Hamill v. State*, 948 P.2d 1356, 1359 (Wyo. 1997). However, our rulings make clear that the application of the doctrine is discretionary. *Hamill*, 948 P.2d at 1359 (holding the court *may* decline to consider the issue). We consider this an appropriate case to exercise our discretion to consider the speedy sentencing issue, even though it could have been raised earlier.

[¶12] The State argues that Appellant's double jeopardy argument is also precluded by *res judicata* because Appellant raised this issue in his second appeal, and this Court

declined to consider it. The State asserts that *res judicata* prevents Appellant from raising his double jeopardy argument again in this appeal.

[¶13] Appellant did raise a double jeopardy argument in his second appeal, and this Court declined to consider it. However, Appellant is challenging a different sentence in this appeal. We have held that an appellant "must be entitled to a review of the sentence actually imposed even though some of the issues potentially could have been presented in his initial appeal." *Yates v. State*, 792 P.2d 187, 189 (Wyo. 1990). Therefore, we will not apply *res judicata* to preclude his argument.

## B. Speedy Sentencing

[¶14] Appellant contends that the delay between his conviction and resentencing violates his constitutional right to a speedy sentencing. Appellant cites *Yates*, 792 P.2d at 191, for the proposition that a delay in sentencing in excess of one calendar year from the date guilt is established is presumptively unreasonable. Appellant was resentenced nearly six years after he was convicted, and he argues that under *Yates* this delay is presumptively unreasonable. He also argues that in order to overcome this presumption, the State must provide argument or evidence to excuse the delay in sentencing which it failed to do in this case.

[¶15] The State contends that there has been no speedy sentencing violation in this case. Appellant was originally sentenced within four months of his conviction, well within the one year period set out in *Yates*. The State further contends that the right to a speedy sentencing does not apply to resentencing. The State argues that to hold otherwise would place *Yates* and W.R.Cr.P. 32 at odds with W.R.Cr.P. 35(a), which provides that an illegal sentence may be corrected at "any time."

[¶16] We review claims that a sentence was not imposed within a reasonable time under an abuse of discretion standard. *See Reagan v. State*, 14 P.3d 925, 927 (Wyo. 2000). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* at 972 (quoting *Byerly v. Madsen*, 41 Wash. App. 495, 704 P.2d 1236 (1985)). We have held that:

> A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.

4

*Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 951 (Wyo. 2000) (quoting *Johnston v. Stephenson,* 938 P.2d 861, 862 (Wyo.1997)).

[¶17]   Appellant claims that because the State offered no evidence justifying the delay in imposing sentence, there was no evidentiary basis for the district court's determination; hence there was an abuse of discretion.  The State argues that because speedy sentencing does not apply to resentencing, the State did not need to justify the delay; consequently there was no abuse of discretion.

[¶18]   This Court has yet to address whether the right to a speedy sentencing applies to the resentencing process.   However, we have held that the *Yates* decision does not encompass every instance in which sentence is not imposed within one year.  *See, e.g., Davila v. State*, 815 P.2d 848, 849 (Wyo. 1991) (holding that sentencing probationer after revocation of probation does not invoke the rule requiring speedy sentencing).  The other jurisdictions that have addressed this issue of whether speedy sentencing applies to resentencing have uniformly rejected its application.  *See Hitchcock v. State*, 673 So.2d 859, 863 (Fla. 1996) (finding that the sixteen year delay between the defendant's conviction and resentencing did not violate his constitutional rights); *People v. Reyes*, 212 Cal. App. 3d. 852, 857 (1989) (finding that the seven year delay in correcting a sentence that was originally promptly imposed did not violate the defendant's right to a speedy sentencing); *State v. Fry*, 602 P.2d 13, 16 (Haw. 1979) (finding that the seven year delay between the imposition of an erroneous sentence and the imposition of a corrected sentence did not violate the defendant's right to a speedy sentencing, and noting that no court had extended the right to a speedy trial to the resentencing procedure authorized by F.R.Cr.P. 35); *Casias v. People*, 367 P.2d 327, (Colo. 1961) (finding that a sixteen month delay in resentencing did not violate the defendant's constitutional rights).

[¶19]   We find the reasoning of these cases to be persuasive.  We hold that the one year presumption set out in *Yates* does not apply to resentencing.  Although under W.R.Cr.P. 32(c)(1) a corrected sentence must still be imposed without "unnecessary delay" once a court has determined the sentence to be illegal, there is no requirement that this be done within one year of the date that guilt was established.  To hold otherwise would render W.R.Cr.P. 35(a) meaningless.  This Court must construe the rules in harmony and not allow any part to be rendered meaningless.  *Action Bailbonds v. State*, 2002 WY 103, ¶ 13, 49 P.3d 992, 995 (Wyo. 2002).

[¶20]   Further, we note that the sentence in this case did not possess the fatal flaw that was present in *Yates,* so none of those concerns are applicable here.  *See Reagan*, 14 P.3d at 929.  Appellant began serving his sentence immediately after his conviction.  He was not given a partially suspended, indeterminate prison sentence that would be imposed if he violated his probation.  Therefore, there was never a concern that Appellant's sentence would be increased due to acts committed while on probation.   Nor is there any concern that the "vagaries of memory would interfere with the imposition of an appropriate

sentence." *Yates*, 792 P.2d at 192. His sentence was adjusted by several different judges, all attempting to correct the illegal sentence that was originally imposed.

[¶21] Appellant was resentenced just over six weeks after his case was remanded to the district court. Because Appellant's corrected sentence was imposed without "unnecessary delay" after this Court determined that his sentence was illegal, the sentencing judge did not abuse his discretion when he imposed a corrected sentence six years after Appellant's conviction.

## C. **Illegal Sentence**

[¶22] Next we must address whether Appellant is still being held under an illegal sentence. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Martinez v. State*, 2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo. 2002). Whether a sentence is illegal is a question of law that we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007).

[¶23] Appellant argues that this Court has already decided that a sentence of 240-267 months was illegal,[4] so it cannot be reimposed, and his original sentence of twenty to twenty-two years is also illegal, so it cannot be reimposed. Appellant argues that he has had three illegal sentences imposed, and the court should not get another chance to resentence him. He contends that the proper remedy is to maintain his conviction, but vacate his sentence. He urges this Court to adopt a "three strikes, you're out policy." Appellant asserts that this kind of policy is necessary in order to give the State and the courts an incentive to get a defendant's sentence right.

[¶24] We decline to adopt such a policy. It is regrettable that it has taken so long to correct Appellant's sentence. However, we have repeatedly held that a defendant has no expectation of finality in an illegal sentence, because such a sentence remains subject to modification. *Moronese*, ¶ 9, 271 P.3d at 1014; *United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992). W.R.Cr.P. 35(a) allows a court to correct an illegal sentence whenever it comes to the attention of the court, even if it takes multiple attempts to get the sentence correct.

[¶25] We further find that Appellant's current sentence is not illegal. A conviction for second degree murder has a minimum sentence of twenty (20) years. Wyo. Stat. Ann. § 6-2-104 (LexisNexis 2011). Under Wyoming law, an individual convicted as an accessory is subject to the same sentence as a principal. Wyo. Stat. Ann. § 6-1-201(b)(iii) (LexisNexis 2011). The minimum term of Appellant's sentence does not

---

[4] Appellant concedes that the 240-267 month sentence was found to be illegal for "technical reasons." However, he still contends that this sentence cannot be reimposed.

exceed 90% of the maximum term, so this sentence complies with Wyo. Stat. Ann. § 7-13-201. Appellant was given notice and an opportunity to be heard before the sentence was imposed, thus protecting the Appellant's due process rights. Therefore, the Amended Judgment and Sentence does not suffer from the same infirmities as the original increased sentence. Further, the Amended Judgment and Sentence complies with *Trumbull* by stating that the sentencing judge considered probation but found it to be inappropriate, thus correcting another defect in the original sentence.[5]

## D. <u>Double Jeopardy</u>

[¶26] Appellant asserts that increasing his sentence after he began serving it subjected him to double jeopardy. This claim is arguably precluded by *res judicata*, as it was raised on his previous appeal, and this Court declined to address it. However, as previously discussed, *res judicata* is a discretionary doctrine, and this Court can choose to address the issue. Because Appellant is challenging a new sentence in this appeal, we will briefly address Appellant's double jeopardy claim.

[¶27] We generally apply a *de novo* standard of review when considering constitutional issues. *See, e.g.*, *Martinez v. State*, 2006 WY 20, ¶ 16, 128 P.3d 652, 656 (Wyo. 2006). "The double jeopardy provisions of the Fifth Amendment to the Constitution of the United States and Art. 1, § 11 of the Wyoming Constitution have the same meaning and are coextensive in application." *Moronese*, ¶ 7, 271 P.3d at 1014. "The double jeopardy clause of the Fifth Amendment to the United States Constitution prevents a court from increasing a sentence, **which is in all respects legal**, after a defendant has begun serving it." *Id.*, ¶ 9, 271 P.3d at 1014 (quoting *Maher v. State*, 991 P.2d 1248, 1249 (Wyo. 1999)) (emphasis in original). As discussed above, Appellant's sentences were not legal, so double jeopardy does not prevent the court from increasing the sentence to bring it into compliance with the sentencing statute.

[¶28] In addition, double jeopardy will not bar a sentence increase in those instances where a defendant had no justifiable expectation of finality in his sentence, such as when the defendant initiates an appeal or files a motion to correct an illegal sentence. *See Moronese*, ¶ 8, 271 P.3d at 1014. Both of these situations exist in this case. Because Appellant filed two motions to correct his sentence and then appealed the length of his sentence, he never had a justifiable expectation in the finality of his sentence. On remand, the sentencing court was required to correct Appellant's sentence to bring it into compliance with the sentencing statute. Because the sentencing court determined that

---

[5] Appellant contends that the Court must have intended that he receive probation when it instructed the district court to consider it as a possible sentence on remand. This Court's instruction for the district court to consider probation was only meant to ensure that the sentencing court would comply with *Trumbull*, and was not an indication that this Court felt that Appellant was a candidate for probation. That decision was reserved for the district court.

probation was not appropriate in this case, it was required to increase the maximum sentence by at least three months in order to make the sentence legal. "[T]he court only set aside what it had no authority to do, and substitute[d] directions required by the law to be done upon the conviction of the offender. It did not twice put [Appellant] in jeopardy for the same offense." *Bozza v. United States*, 330 U.S. 160, 167, 67 S. Ct. 645, 91 L. Ed. 3d 818 (1947).

**CONCLUSION**

[¶29] Under W.R.Cr.P. 35(a), an illegal sentence may be corrected at any time. When a case is remanded for resentencing, the corrected sentence still must be imposed without "unnecessary delay" under W.R.Cr.P.32. However, the one year presumption set out in *Yates* does not apply to resentencing. The Amended Judgment and Sentence was imposed without unnecessary delay once this Court had determined that his previous sentence was illegal, so there was no violation of Appellant's right to a speedy sentencing. Appellant's corrected sentence of 240-267 months is not illegal; it complies with the sentencing statute and was not imposed without notice or an opportunity to be heard. It also indicates that the trial court considered probation and found it to be inappropriate. Because Appellant's previous sentence was illegal, he had no justifiable expectation of finality in his sentence. Therefore, there was no double jeopardy violation when his sentence was increased by three months after he had begun serving it.

[¶30] The Amended Judgment and Sentence is affirmed.